## BROWN vs. HARRELL.

1. CONTRACT: *Statute of Frauds. Promise to pay debt of another.*
   A. applied to B. to board his laborers engaged in getting crossties for a railroad. B. objected because the pay would be doubtful. A. replied that he would see the board paid. B. then agreed to board them, saying she would look to A. for the pay and not to them, to which he assented. HELD: That this was an original undertaking of A. on a valid consideration and not a special promise to answer for the debt of another.

APPEAL from *Cross* Circuit Court.

Hon. L. L. MACK Circuit Judge.

*Geo. H. Sanders* for appellant.

The promise was collateral, and clearly within the statute of frauds. The statute is against "any promise to answer for the debt, default, &c., of another."

Promises to "see paid" have been universally held to be collateral. *Kentz v. Adams, 12 Ark., 174, and cases cited; Chitty on Contracts, p. 447, note 2 and * 448, note 1.*

*U. M. & G. B. Rose* for appellee.

The statute of frauds was not pleaded, and cannot be interposed as a defense in this Court. *Gwynn v. McCauly, 32 Ark., 97; Browne on Stat. Frauds, sec. 508.*

The credit having been given to appellant personally, and not to the men, the contract was not within the statute; it was the province of the jury to decide to whom the credit was given. *Smith's Merc. Law, 576; De Colyar on Guaranties, 115; Browne Stat. Frauds, sec. 198-9.*

Brown v. Harrell.

SMITH, J: This action was brought to recover the amount due the plaintiff for the board of certain men who were employed by the defendant in cutting cross-ties for a railroad. It was begun before a Justice of the Peace, and there were no written pleadings. The facts are undisputed and no special instructions as to the law of the case were given to the jury or refused.

The defendant applied to the plaintiff to board some of his laborers. She objected because the pay was doubtful. He told her that he would see that she was paid, as their money passed through his hands. She then said, that if she took the men to board, she should look to him for payment. And to this he assented.

This was an original undertaking, on a valid consideration moving between the parties and not a special promise to answer for the debt of another. The credit was given to the defendant personally and not to his laborers. His promise to be answerable for the board was a promise to pay his own debt, not theirs. If A. says to B. pay so much money to C. and I will repay you, this is an independent promise; and if the money is paid upon the faith of it, it has always been deemed an obligatory contract, even though it be by parol; because there is an original consideration moving between the immediate parties to the contract. *Townsley v. Sumrall,* 2 *Peters,* 170; *Emerson v. Slater,* 22 *Howard,* 28; *Browne on the Statute of Frauds,* sec. 195.

The judgment which was against the defendant, must be affirmed.