## McTighe, Ad. of Wallace, v. Herman.

1. EVIDENCE : *Of witness in another suit: When admissible.*
   The deposition of a witness in one suit is admissible as evidence in another suit between the same parties and regarding the same issues, when the witness has left the State.

2. STATUTE OF FRAUDS : *Parol promise to pay another's debt.*
   A parol promise to pay for goods previously sold to another is void ; but if the promissor authorizes the goods to be charged to him at the time, or afterwards when informed of the charge ratifies it, he will be bound as for his own debt and not the debt of another.

APPEAL from *Pulaski* Circuit Court.
Hon. J. W. MARTIN, Circuit Judge.

*R. C. Newton* for appellant.

1. The men boarded by Herman were the hands of Stapp and not of Wallace, and any verbal promise made

by Wallace to pay their board, not being in writing, fell clearly within the statute of frauds and could not be enforced. *Gantt's Dig.*, *sec. 2951; Kurtz v. Adams, 7 Eng., 174.*

2.   The alleged deposition of Kerrigan was a mere memorandum agreed to be used in a different suit, and agreed *only* for that purpose.

*W. L. Terry* for appellee.

1.   The credit was given to Wallace and not to Stapp; the board was charged to Wallace, and when therefore Wallace, with a knowledge of what had been done, verbally promised to pay, it was a promise to pay his own debt.   Here there was no original debt of Stapp to which Wallace's promise could be collateral, and when he ratified Stapp's act, in having the board charged to him, it became a promise to answer for his own debt.   *Story on Agency, sec. 244 and note 3; Throop on Validity of Verbal Agreements, secs. 147–8–9 and 158,* and *Darnell v. Tratt, 2 Carr & Payne, 82.*

2.   Kerrigan's testimony was taken upon an issue between the same parties, upon the same subject matter of controvery, and he was absent from the State.   It was clearly admissible.   *Coke v. Fountain, 1 Vern., 413; Nevill v. Johnson, 2 Vern., 447; 10 Ill., 301; 2 John. Chy., 475.*

3.   Substantial justice having been done, this court will not reverse.   *34 Ark., 105 ; 23 Ib., 120 ; 15 Ib., 451.*

EAKIN, J.   Wallace sued Herman before a justice of the peace for $35, the price of a tent.   Herman had been engaged in boarding operatives upon the line of the railroad between Little Rock and Pine Bluff.   He brought in a set-off against plaintiff for the board of hands, amount-

ing, after giving credit for the tent, to something over a hundred dollars. After a recovery by the plaintiff before the justice, Herman appealed to the Circuit Court, and there recovered judgment, on his set-off, against plaintiff for a balance of $103.09, found by verdict of a jury. After motion for a new trial, and exceptions saved by bill, plaintiff appealed to this court. Dying, pending the appeal, the suit is revived in name of his administrator.

The litigation is concerning the plaintiff's liability for the board of the hands claimed in the set-off. There is no contest concerning the tent, nor the amount of the board bill. The question arises under the statute of frauds. The circumstances are that Wallace being a contractor on the road, sublet to one Stapp, the construction of certain "bents," which seem to be spans of trestle work. Stapp had hands working under his directions and control, which were employed by him, although their wages were sometimes paid by Wallace, and charged to Stapp out of his pay under the contract. Stapp had kept a cook for the hands but the cook became sick, and he engaged board for them with defendant Herman. The proof tends to show that Herman was unwilling to trust Stapp for payment, and that Stapp, to induce him to do so, told him that Wallace would be responsible for the payment. It tends further to show that Wallace, afterwards, upon being solicited by Herman to pay the board, verbally promised to do so, at least as to some of the hands; the proof as to the promise to pay for all being conflicting. There is no direct proof that Wallace knew, when the contract for board was made by Stapp, that he had assumed to act as Wallace's agent, and to direct the credit to be given to Wallace, nor that he had been informed of that when he afterwards made the verbal promises to pay the bill, or that he had ever authorized Stapp to direct the

McTighe, Ad. of Wallace, v. Herman.

credit to be given to him, or that it was his duty to pro-
cure boarding for Stapp's hands. All these matters were
such as a jury might, or might not, infer from other facts
and circumstances in evidence.

We therefore pass without further comment the usual
grounds of a motion for a new trial, often inserted *pro
forma*, or from superabundant caution, that the verdict was
contrary to or unsupported by evidence.

1. EVIDENCE
Of witness
in another
suit: When
admissible

It is made a ground of the motion that the court im-
properly admitted testimony on the part of defendant.
This alludes to a certain deposition of one John Kerrigan,
which had been taken in another suit between Herman
and Wallace concerning this same board bill. It seems
that Herman had first sued before another justice, and
Wallace had not interposed the set-off of the tent. That
was allowed by Herman in his account. Wallace, in place
of accepting the credit or setting up the cross matter re-
garding the tent, brought this suit for it, and Herman
interposed as a set-off the same account sued on elsewhere.
The first suit seems to have been abandoned, but that is of
no consequence, as no point was made on its pendency.
The deposition was taken in a suit between the same par-
ties, regarding the same issues; and, as Kerrigan had left
the State, was admissible. *Greenl. on Ev., vol. 1, sec. 164;
45 Mo. Rep., p. 267 ; 69 Ib., p. 365.*

1. STATUTE
OF FRAUDS:
Promise
to pay debt
of another.

The instructions are not all contained in the bill of ex-
ceptions, whether from oversight or design we do not
know. It seems there was a third instruction asked by
plaintiff, and refused, which is not copied. So far as we
can judge of the instructions, as shown, they were correct
and consistent. They set forth the statute of frauds cor-
rectly as applied to promises to pay the debt of another,
and in the absence of a written agreement, or memoran-
dum, advise the jury that the liability of plaintiff to pay

the board bill depended upon whether the credit was originally given to him, either by his authority at the time, or without his authority, if he were afterwards informed that it had been so given and ratified it, but would not be liable upon a verbal promise to pay a debt of Stapp for the board of hands. The motion for a new trial was properly overruled.

Affirm.