## H. D. FAULKNER et al., Appellants, v. T. O. BRIDGET et al., Respondents.

### Kansas City Court of Appeals, March 27, 1905.

**MECHANICS' LIENS: Notice of: Immaterial Date: Statutory Construction.** A recitation in a notice of intention to file a mechanic's lien that it will be filed on a given date, which is within the ten days, will not vitiate the lien, which is not filed until the expiration of the ten days, since such date is not required by the statutes and is therefore immaterial and mere surplusage, especially where no injury has occurred to the landowner by reason thereof,—and since the statute is to be liberally construed to carry out its beneficent object.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

REVERSED AND REMANDED.

*McReynolds & Halliburton* for appellants.

(1) The notice in this case was a substantial compliance with the statute. It was served ten days before the lien was filed and contained all that the statute required, and fixing the time for filing of lien was surplusage, and did not invalidate the lien or notice. R. S. 1899, sec. 4221; Hahn v. Dieckes, 37 Mo. 574; State v. Watson, 141 Mo. 338; State v. Napper, 141 Mo. 401; State v. Wilson, 143 Mo. 334; State v. Miller, 156 Mo. 76; State v. Walker, 167 Mo. 366; State v. Major, 81 Mo. App. 289. (2) The court erred in holding that the notice of intention to file the lien, offered in evidence, was insufficient. The notice was sufficient to put the owner on his guard. Construction Co. v. Jones, 60 Mo. App. 1; Henry v. Pitt, 87 Mo. 237; Putnam v. Ross, 46 Mo. 338; Miller v. Hoffman, 26 Mo. App. 202; Steinman v. Strimple, 29 Mo. App. 478; Dewitt v.

Smith, 63 Mo. 266; Bambrick v. Assn., 53 Mo. App. 240; Shaw v. Bryan, 39 Mo. App. 523; Grace v. Nisbet, 109 Mo. 19; Phillips On Mechanics' Liens, sec. 16. (3)  By striking out of the notice or treating as surplusage the words "on the fifth day of March, 1904," you have a notice in perfect compliance with the statute.  And there is nothing to show that the Ishpeming Mining Company was injured by those words.  So they will be rejected as surplusage.  10 Am. and Eng. Ency. Law, pages 552 to 557; State v. Schloss, 93 Mo. 361; Bambrick v. King, 59 Mo. App. 284.  (4)  Statutes giving lien for materials are remedial in their nature, and should be given a liberal construction so as to carry out their just and beneficent objects.  Stone Co. v. Gray, 114 Mo. 497; Brick Co. v. McTaggart Co., 76 Mo. App. 347.  (5)  The notice is no part of the lien.  All that is necessary is one sufficient to inform the owner that the claimant holds a claim against the improvement, setting forth the amount and from whom due.  Bambrick v. King, 59 Mo. App. 286.

*Thomas W. Hackney* for respondent.

(1)  It was the duty of the plaintiffs to give the owner notice of their intention to file a lien ten days before the filing of the lien.  R. S. 1899, sec. 4221.  (2) A lien filed without such notice is void.  Even though the owner has actual knowledge of the claim, this is not a substitute for the statutory notice.  20 Am. and Eng. Ency. Law (2 Ed.), 377.  (3)  While it was not necessary for the plaintiffs to state in their notice the day on which they intended to file their lien, yet when they did specify the day and this was less than ten days from the date of service and the owner of the property was misled into the belief that the lien would be filed on the specified day, and in consequence took no steps to protect itself against the filing of the lien, then the date specified became very material and

cannot be rejected as surplusage; and the notice was thereby rendered void. 20 Am. and Eng. Ency. Law (2 Ed.), 380; Lindsay v. Davis, 30 Mo. 412; Jackson v. Hardin, 83 Mo. 186; Carthage v. Badgley, 73 Mo. App. 123; Hardware Co. v. Hardware Co., 75 Mo. App. 518.

BROADDUS, P. J.—This suit is to enforce a mechanic's lien against a mining plant belonging to the respondent company for a balance due from defendant, T. O. Bridget, the contractor. The judgment was in favor of the defendant company, from which plaintiffs appealed.

On February 26, 1904, the plaintiffs served a notice in writing on defendant company stating that they had a claim against the property for a balance due from the said contractor, Bridget, of $162.18, and that they would file a mechanic's lien on the property in the circuit clerk's office on the 5th day of March, 1904. This notice was not filed until the 7th of March. It will be seen that the time fixed for filing the lien in the notice was not ten days' notice as required by the statute. The court found from the evidence that the notice of plaintiffs' intention to file a mechanic's lien served on defendant company February 26, 1904, and notifying said company that the lien would be filed on the 5th of March, was less than ten days; and that said company was misled as to the time of filing said lien, and for that reason deemed the notice invalid and on that account took no steps to prevent the filing of the same; for which reason the court decided for respondents. The only question in this case is whether the notice was sufficient. Section 4221, Revised Statutes 1899, requires that the person who wishes to avail himself of the benefits of the mechanic's lien law "shall give ten days' notice before the filing of the lien." It will be seen that plaintiffs were not required to fix any particular day for the filing of their lien, but that notice should be given ten days before the

filing thereof. The respondents insist that notwithstanding the statute does not require the lienor to fix a day on which he intends to file his lien, yet if he does so he is concluded by it; and that as the time fixed for such filing in the notice was not ten days from the time of service thereof, it did not comply with the statute and it was therefore nugatory.

In Lindsay v. Davis, 30 Mo. 412, the second count of the petition averred that the animals purchased by plaintiff from defendant were unsound and the defendant knew it. Then there was a further allegation that the disease constituting the unsoundness was glanders. The court held that the last allegation was surplusage, but that plaintiff was bound by it; and that unnecessary averment, if not immaterial or impertinent, when made must be proved. The court by inference draws the distinction between an unnecessary, but material, statement and a statement that is unnecessary and immaterial.

It is, of course, conceded that it was unnecessary for plaintiffs to fix any particular day in their notice upon which they would file their lien. A material matter we understand to be something essential, and it is so defined. See Webster's International Dictionary. And "immaterial" is defined by the same authority as "unimportant; without weight or significance." The case just referred to is cited by respondents to sustain their contention. The distinction between unnecessary and material allegations and immaterial statements does not exist, as it seems to us that in law whatever is unnecessary is neither essential nor material. Of course, we are bound by the decision as far as it affects this case. But we are of the opinion that the statement of the notice that a lien would be filed on a certain day was not only unnecessary but also immaterial. The statute did not require plaintiffs to fix any day on which they would file their lien, only that they should give ten days' notice to the respondents before

they did so file it; therefore, it was not material—it was not essential. And we do not see how respondent company could have been misled. If the lien had been filed on the day fixed, it would have been invalid. That was the law, and respondent must be held to a knowledge of the law. It could only have been misled by the notice to the effect that plaintiff's lien would be invalid; and that would not entitle it to the protection of the courts. It is true, mere knowledge that plantiffs intended to file a lien would not bind defendant company's property; it was necessary that it should have ten days' notice of the intended filing. There was no evidence that defendant was misled by the notice and paid out money to the contractor which it would otherwise have applied to payment of plaintiff's demand. One of defendant's witnesses stated, it is true, that "On considering the notice and seeing the lien was to be filed on March the 5th when notice had not been served until the 26th (presumably 26th of February) the company took no steps to prevent the filing of the lien." Defendant had no right to take advantage of the surplus statement of the notice, which could have been and was in fact filed within the time provided by law. We think it good to hold that under the circumstances as the immaterial statement in fact caused no injury to the defendant, it ought to be disregarded. The statute should be liberally construed so as to carry out its beneficent object. [Dugan Cut Stone Co. v. Gray, 114 Mo. 497; Hydraulic Press Brick Co. v. McTaggart, 76 Mo. App. 347.]

The cause is reversed and remanded. All concur.