LEIFER MANUFACTURING COMPANY *v.* GROSS.

Opinion delivered January 24, 1910.

1. MECHANICS' LIEN—ORIGINAL CONTRACTOR.—Where the owner of land agreed to pay for materials to be furnished for the erection of a building, and such materials were furnished in reliance upon such promise, the material man is not a subcontractor, but is entitled to recover upon an original undertaking. (Page 279.)

2.  APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDING.—A chancellor's finding of facts will be set aside where it is against the decided preponderance of the evidence.   (Page 283.)

3.  MECHANICS' LIEN—DELAY IN FURNISHING MATERIALS—DAMAGES.—The measure of damages for failure of a material man to furnish materials for completion of a building within a reasonable time is the rental value of the building during the time the owner was deprived of it by reason of such failure.   (Page 284.)

4.  SAME—COUNTERCLAIM FOR DEFECTIVE MATERIALS.—In a suit to enforce a mechanics' lien for materials furnished for the erection of a building, the defendant is entitled to recoup the difference between the value of the materials which were actually furnished and the value of the materials contracted for.   (Page 284.)

5.  SAME—COUNTERCLAIM—BURDEN OF PROOF.—Where the defendant in a suit to enforce a material man's lien seeks to counterclaim damages by reason of the defective quality of such materials, the burden is on him to prove such defects.   (Page 285.)

Appeal from Garland Chancery Court; *Alphonso Curl,* Chancellor; reversed.

*Downie, Rouse & Streepey,* for appellant.

1.  The preponderance of the evidence is to the effect that Gross was a party to the contract, and appellant was not therefore within the statutory requirement as to the giving of ten days' notice as subcontractor.   Kirby's Dig., § § 4976 and 4993. The statute should be liberally construed.   30 Ark. 29; 30 *Id.* 569; 49 *Id.* 475; 51 *Id.* 302; 58 *Id.* 7; 84 *Id.* 560.

2.  The lien was filed in proper time.   56 Ark. 516.

3.  The contract was not within the statute of frauds.   76 Ark. 292.

4.  The chancellor's finding being against the preponderance of the evidence, the decree will be reversed.   31 Ark. 85; 41 *Id.* 292; 42 *Id.* 521; 55 *Id.* 112; 75 *Id.* 72.

5.  Appellant complied with its contract; and there is no evidence upon which to base an award of damages for appellee. 77 Ark. 150.

*Greaves & Martin,* for appellees.

1.  The evidence shows that appellant was a subcontractor, as defined in section 4993, Kirby's Dig., and that the notice required in § 4976 was not given.   This requirement is mandatory. 2 Jones on Liens, § § 1389-1391; 30 Ark. 568; 51 *Id.* 102.

2.  The evidence further shows that appellee has sustained damages in excess of the amount sued for.

FRAUENTHAL, J.  The plaintiff below, Leifer Manufacturing Company, instituted this suit in the Garland Chancery Court against the defendant, B. Gross, upon an account for materials furnished in the construction of a building in the city of Hot Springs, Arkansas.  The account consisted principally of concrete building material or blocks, and amounted in the aggregate to $1,016.20.  It is credited with a payment of $200, thus leaving a balance of $816.20, for which amount judgment is sought.  It is alleged in the complaint that the materials were furnished upon a contract made with the defendant, who is the owner of the building; and proper allegations are made therein for having a lien declared upon the building in cases where the materials are furnished by those having contracts therefor directly with the owner.  The defendant denied that he entered into any contract with the plaintiff whereby the above materials were furnished. He alleged that he had entered into a contract with one L. W. Rose to construct the building for him, and that said Rose was the contractor for the erection thereof; that, if plaintiff furnished any materials for the construction of the building, he furnished them to Rose, the contractor, and not to plaintiff; and he alleged that no notice was served upon him prior to the filing of the alleged mechanics' lien.  He also alleged that the plaintiff had unreasonably delayed the furnishing of the materials, and that the materials furnished were defective and of an inferior quality, and that thereby Rose or the defendant was damaged in a sum largely in excess of the amount sued for.  He asked that the claim of plaintiff for a mechanics' lien be dismissed.

The chancery court entered a decree dismissing the complaint for want of equity; and the plaintiff prosecutes this appeal from that decree.

The defendant Gross was the owner of a lot in the city of Hot Springs, and had entered into a contract with L. W. Rose, by which said Rose agreed to construct a building for him thereon for the sum of $5,600.  The building was constructed of concrete blocks, and the plaintiff furnished the concrete materials set out in its complaint, which were used in the construction of the building.  The plaintiff contends that he furnished the materials under a contract made therefor directly with the defend-

ant. The defendant contends that the materials were furnished, under a contract therefor made by plaintiff with said Rose, the original contractor, and that plaintiff was only a subcontractor. It is conceded by the plaintiff that he did not give the notice required by section 4976 of Kirby's Digest. That section provides that: "Every person except the original contractor, who may wish to avail himself of the benefit of the provisions of this act, shall give ten days' notice before the filing of the lien, as herein required, to the owner, owners or agents or either of them, that he holds a claim against such building or improvements setting forth the amount and from whom the same is due." Under this provision of the law, before a subcontractor can be entitled to a lien upon the building or improvement for the materials furnished by him in its construction, he must give this notice in the time and manner prescribed by this statute. 27 Cyc. 118; *Schubert* v. *Crowley*, 33 Mo. 564; *Hahn* v. *Dierkes*, 37 Mo. 574; *Faulkner* v. *Bridgett*, 86 S. W. 483.

Section 4993 of Kirby's Digest defines and determines who is an original contractor and who is a subcontractor within the meaning of the mechanics' lien law. That section provides: "All persons furnishing things or doing work provided for by this act shall be considered subcontractors except such persons as have contracts therefor directly with the owner, proprietor, his agent or trustee." If, therefore, the plaintiff furnished the materials to the contractor, Rose, and under a contract therefor made solely with him, then the defendant would not be liable for the materials; and, inasmuch as it is conceded that the above notice of the filing of the lien was not given by the plaintiff, he would not in such event be entitled to a lien on the building. But, on the other hand, if the plaintiff entered into a contract with the defendant to furnish the materials by which the defendant became liable therefor, then he would not be a subcontractor; and in such event would be entitled to recover judgment therefor against defendant, and also to a lien on the building. The question is one chiefly of fact.

The only persons who were present when the agreement was made under which the plaintiff furnished the materials were George Leifer, the president and manager of the plaintiff, and the defendant and said Rose. When the defendant first employed Rose to construct the building, he had determined to con-

struct it of brick. Later he decided to construct it of concrete. The plaintiff's place of business and plant were located at Little Rock, Arkansas, and the defendant Gross, in company with one Shank, in whose opinion as to concrete he seems to have had confidence, visited plaintiff's plant and secured a sample of the concrete, which he took to Hot Springs and had tested. Later, Rose saw the plaintiff's manager, and asked as to the prices of the concrete; and thereafter both Rose and defendant saw the plaintiff's manager, at which time the contract was made for furnishing the materials. The plaintiff understood that the defendant was the owner, and that Rose was the contractor for the construction, of the building.

George Leifer, the plaintiff's manager, testified as follows relative to the contract: "A. In the first place, Mr. Rose came down there and asked the prices on stuff, and then Mr. Gross came over with him and made a bargain for the stuff for the house at a certain price. Then there were some extras afterwards that were put on the list. So we shipped the stuff direct to Mr. Gross, just as we understood it was to be. * * * Q. Why was it you shipped them to Mr. Gross, and not to Mr. Rose? A. Because he did all the talking. When he came back, he said that we should ship the stuff over there to him, and he would see that it was paid. That's the reason we shipped to Mr. Gross. * * * A. Mr. Gross said for us to ship the stuff, and he would pay if Rose didn't. So I shipped the stuff direct to Gross, and looked to him for payment."

He further testified that he made the contract with defendant Gross, and furnished the materials solely upon his credit and his promise to pay therefor.

L. W. Rose testified as follows:

"Q. When you and Mr. Gross came over here, was there any contract made by either you or him for the materials? A. Nothing more than Mr. Gross told Mr. Leifer, when he selected the blocks, 'You send the blocks over.' I did not say a word while I was over here to Mr. Leifer later in regard to the business. Mr. Gross did the talking. Q. What contract was made at that time? A. He just told him to send the blocks to my order, and he said, 'If Rose don't pay for them, I will.' *. * * A. He came over with me and selected the blocks. He said, 'If Rose don't pay for them, I will.' I never said a word to Mr. Leifer any more about the price."

The defendant Gross testified that he only selected the kind and color of concrete blocks which he wanted put in the building, and made no contract or agreement of any kind therefor with the plaintiff. He further testified as follows: "Q. Now, in regard to this contract, Mr. Gross, isn't it a fact that you directed the Leifer Manufacturing Company to ship those different blocks in a certain manner; to ship them at a certain time; and that you made a statement to Mr. Leifer that if Mr. Rose didn't pay the bill that you would pay it? A. It certainly is not a fact that I made any contract with Mr. Leifer for anything. Q. Now, that isn't the question. I asked you if you made that statement to Mr. Leifer that if Mr. Rose made a contract and failed to pay for those building blocks you would pay for them? A. I don't remember that I said that. Q. You don't remember that you didn't? A. I don't think that I did say it. Q. Well, you wouldn't swear to it, would you? A. I can swear to it to the best of my recollection that I didn't say it."

The plaintiff shipped the materials at different times by freight from Little Rock to Hot Springs; and in all the bills of lading the defendant, Gross, is named as the consignee. In its books the plaintiff entered the account for the materials against the defendant, Gross; and its manager testified that the materials were furnished upon the credit of defendant, and his promise to pay therefor. We do not think it necessary to further detail the facts and circumstances adduced in evidence in this case. We have carefully examined the testimony, and we are of the opinion that the decided preponderance of the evidence establishes the fact that the contract under which the plaintiff furnished the materials was made between the plaintiff and defendant, Gross, and that the plaintiff was induced to furnish the materials solely upon the agreement and promise of defendant to pay for them if Rose did not. According to the whole transaction, credit was actually given to defendant, and the indebtedness for the materials was against defendant; and, as to the plaintiff. Gross became originally and not collaterally obligated to pay therefor. The agreement did not fall within the statute of frauds. It was solely upon the agreement and promise made by the defendant that the plaintiff furnished the materials. It was not a promise to pay the debt of another, but a promise to pay for the

materials which were for the defendant's benefit, and which would not have been furnished had he not agreed to pay therefor; and thus the account became the defendant's own debt. Although Rose was the contractor to construct the building, nevertheless, if defendant made the promise to plaintiff to pay for the materials, and, relying solely on that promise, the plaintiff furnished thereafter the materials, the defendant would be liable therefor upon an original undertaking. 20 Cyc. 182; 20 Am. & Eng. Enc. Law (2 ed.) 448; *Brown* v. *Harrell,* 40 Ark. 429; *McTighe* v. *Herman,* 42 Ark. 285.

The facts in the case of *Long* v. *McDaniel,* 76 Ark. 292, are quite similar to the facts in this case. In that case the tenant of the owner of a building made certain repairs therein at his own expense. The owner told the material man to furnish the material, and if the tenant did not pay for it he would. Upon said promise the material man furnished the material. In that case this court held that the material man was induced to order and furnish the material by the promise of the owner that he would see him paid, and that the promise was an original undertaking on the part of the owner, making him liable for the material. In the case at bar we think that the facts equally, if not more fully, establish the liability of the defendant by virtue of the promise which we find by the decided weight of the evidence he made to the plaintiff. We are of the opinion therefore that the finding of the chancellor herein is against the decided preponderance of the evidence. In such event it has been uniformly held by this court that such finding will be set aside. *Chapman* v. *Liggett,* 41 Ark. 292; *Gist* v. *Barrow,* 42 Ark. 521; *Nolen* v. *Harden,* 43 Ark. 307; *Kelley* v. *Carter,* 55 Ark. 112; *George* v. *Norwood,* 77 Ark. 216; *Carr* v. *Fair,* 92 Ark. 359.

We are also of the opinion that it is established by the preponderance of the evidence that the plaintiff furnished all the materials set out in his account sued on and at the prices therein named; that the contract therefor was made with the defendant, and that the materials were shipped to defendant and used in the construction of his building; and that plaintiff filed its lien within the time provided by law.

It is contended by counsel for defendant that the plaintiff, by reason of its failure to perform its contract, is liable for dam-

ages far in excess of the amount for which it sues, and on this account its complaint should be dismissed for the want of equity. It is urged by defendant that the plaintiff delayed an unreasonable time after the execution of the contract to furnish the concrete blocks, or materials, and that on this account damages were incurred to the amount of $300 to $400. It was claimed that this damage arose from the idleness of laborers who had to be retained during the delay, and the damage to the work then done. But the witness making this statement of the damage on account of the delay in shipping the materials named the amount as about $300 or $400, and as a general estimate. He did not state the number of laborers that were detained thereby from labor, or any other fact from which it could be definitely said that any damage was actually incurred by the alleged delay. The statement of the witness as to this alleged damage was rather given in the nature of a guess than as definite and certain testimony as to the nature and amount of such damage. And this was the only witness who testified relative to this element of the damages. But, furthermore, this is not the true measure of the damages in event of such delay. "The measure of damages for failure of a material man to furnish material for completion of a building within a reasonable time is the rental value of the building during the time the owner was deprived of it by reason of such failure." *Long v. Chas. T. Abeles & Co.,* 77 Ark. 150; *Hooks Smelting Co.* v. *Planters' Compress Co.,* 72 Ark. 286.

In the case at bar there was no evidence relative to the rental value of the building or the length of the delay, and therefore no competent evidence upon which to sustain any damages for said alleged delay in furnishing the materials.

It is urged by the defendant that the concrete materials furnished by the plaintiff were defective, and were not of the quality that was agreed upon, and by reason thereof damages were incurred to the amount of from $800 to $900. But we do not think that the evidence as to these damages, growing out of the alleged defective materials, is sufficiently definite and certain to ascertain the amount thereof. In fact, there is no competent evidence in the record showing these damages and the amount thereof. There is no testimony showing the extent of this defective material, or the number of defective blocks, or the cost of

removing the alleged defective blocks of concrete and of replacing same. There is no testimony showing the difference between the value of the materials as actually furnished and the value of such materials which should have been furnished under the contract. There is no competent testimony adduced in the case by which the amount of this alleged damage can be measured and determined.

Where it is claimed that a building has been defectively constructed, evidence is admissible of the specific defects; and the cost of removing defective materials and replacing same may be shown. 2 Joyce on Damages, § 1390; *Healey* v. *Bulkley,* 10 N. Y. Supp. 702. And where the materials furnished are of a character defective or inferior to that contracted for, there may, as a general rule, be a recovery of damages of the difference between the value of the materials which are actually furnished and the value which such materials would have had if they had been of the character contracted for. 2 Joyce on Damages, § 1389; *Twitty* v. *McGuire,* 7 N. C. 501; *Laraway* v. *Perkins,* 10 N. Y. 371; 6 Cyc. 113.

In the case at bar the only witness who testified to the amount of these alleged damages was F. J. W. Hart; and he stated that his estimates were only approximations. He testified that he had not made a close examination of the house, and that he was unable to say what the damages were with any accuracy. He did not give any competent testimony as to the extent or amount of these alleged damages. And the proof of these damages is not made by any witness in the case.

On the other hand, it appears from the evidence of the contractor, Rose, that it was understood and agreed that the plaintiff should be notified if any of the materials was defective, and should have the right and opportunity to replace the same with proper material. This witness testified that whenever the plaintiff was notified that any of the materials was defective it promptly replaced same with proper material.

After a careful examination of the testimony in this case, we are of the opinion that there is no competent and satisfactory evidence to sustain any of the allegations of defendant as to the damages claimed by him; and the burden was on the defendant to prove such damages.

· The plaintiff is therefore entitled to recover of defendant the amount sued for and to have a lien therefor declared on said building.

The decree of the chancery court is reversed, and this cause is remanded with directions to enter a decree in accordance with this opinion.