## ZIMMERMAN v. HOLT.

### Opinion delivered February 19, 1912.

1. FRAUDS, STATUTE OF—PROMISE TO PAY ANOTHER'S DEBT.—Whether a promise to pay for services rendered to a third person was within the statute of frauds or not depends upon whether the debt was the primary undertaking of the promisor or of the person to whom the service were rendered. (Page 409.)

2. SAME—WHEN APPLICABLE.—Where the primary debt for services rendered to a person rests against him, and a promise of a third person to pay it is made subsequent to the time it was incurred, such promise is not an original undertaking and is within the statute of frauds. (Page 409.)

3. SAME—INSTRUCTION.—Where plaintiff sued defendant for medical services rendered to defendant's employees, an instruction that if "plaintiff charged the value of his services to defendant and after such charge was made defendant ratified same, then the defendant's promise to pay need not be in writing" was erroneous, as a subsequent promise by a third person to pay the pre-existing debt of another must be in writing unless founded on a new consideration. (Page 410.)

Appeal from Sebastian Circuit Court; Fort Smith District; *Daniel Hon,* Judge; reversed.

*H. C. Mechem,* for appellant.

1. The court erred in submitting to the jury the question whether, after Holt rendered the services and charged same to Zimmerman, the latter ratified it. It was erroneous because (a) there was no evidence that Holt charged the services to appellant, and (b) if charged to him, there was no evidence whatever that he ratified it; and because (c) the instruction failed to inform the jury that such ratification must rest upon some consideration then moving to Zimmerman. 45 Ark. 74.

2. If appellant only told Holt to go ahead and treat the men, and he would see that Holt was paid, the court should have charged the jury to find for the defendant (appellant.) 88 Ark. 592.

3. It was erroneous to instruct the jury, in the absence of the defendant, at a time when his presence might readily have been obtained, and without effort to notify him, that they might render a verdict for a sum less than $175.   5 Cal. 148; 8 O. St. 212;  1 Greene 406; 11 Ia. 80;  6 N. J. L. 109;  45 Vt. 308;  108 Ala. 180.

*Vincent M. Miles,* for appellee.

FRAUENTHAL, J.   This is an action instituted by C. S. Holt to recover $175 for services rendered as a physician and surgeon to two employees of the defendant.   The defendant denied any original undertaking on his part to pay for said services, and pleaded the statute of frauds.   The defendant was a contractor engaged in the construction of a building in the city of Fort Smith.   He had two laborers employed on the building who were there injured and then taken to a hospital for treatment.   The testimony on the part of the plaintiff tended to prove that he told the defendant, before rendering the services to the injured men, that he desired to know who would pay him for such services, and that defendant directed him to attend on the men, and told him that he would pay him for his services. Thereupon he rendered the services and charged same to the defendant.   The defendant on the other hand testified that he told plaintiff that, if he could not collect the amount of his services from the injured men, he would see that he got his money. The testimony on the part of the plaintiff tended further to prove that, some time after the services were rendered and the men had recovered, the defendant agreed to the charge which had been made by the plaintiff against him for these services rendered to his employees.   He then requested the plaintiff to make out the account against each of them and turn same over to his (defendant's) attorney so that he might collect them from said employees.   The plaintiff testified that he did this, but did not thereby release defendant from his promise to pay the debt.   The court gave a number of instructions at the request of the defendant, embodying the principle that a promise to pay the debt of another is not enforceable unless in writing, signed by the party to be charged therewith, and applied it specifically in various forms to the facts of the case.   One of the instructions thus requested was refused, and it is claimed by counsel for de-

fendant that he was thereby prejudiced. We do not think it would serve any useful purpose to set this instruction out because it was, in our opinion, fully covered by other instructions which were given. Among others, the court, at the request of the plaintiff, gave the following instruction:

"4. If you believe from the evidence that the plaintiff charged the value of his services to defendant and after such charge was made defendant ratified same, then the defendant's promise to pay need not be in writing."

Counsel for defendant urge that this instruction was erroneous for the reason that in effect it warranted a recovery upon an oral promise made to pay the preexisting debt of another and without any new consideration to support it, whereas such promise is within the statute of frauds. The question as to whether or not the promise of a third person to pay for services rendered to another must be in writing under the provisions of the statute of frauds depends upon whether the promise was original or collateral; that is, whether the debt is the primary undertaking of the promisor or of the person to whom the services were rendered. If the debt was that of another, and the liability to pay it rested with such person, then the promise by a third person to pay it is collateral and must be in writing; but the mere fact that the services were rendered to another does not necessarily determine that the promise made by the third person is collateral. It may be an original undertaking by him; and whether it is or not depends upon the transaction, rather than on the motive of the promisor or the nature of the consideration. If the promise made by the third person placed him under an obligation to pay the debt independently of any contract of guaranty, then it is binding without writing. If the credit at the time services are performed for another is, at the direction of the third person, given solely to him, then the transaction is simply an undertaking to pay the promisor's own debt, and is a primary obligation not within the statute. *Brown* v. *Harrell*, 40 Ark. 429; *Cauthron Lumber Co.* v. *Hall*, 76 Ark. 1; *Long* v. *McDaniel*, 76 Ark. 292; *Leifer Mfg. Co.* v. *Gross*, 93 Ark. 277.

If, however, the primary debt subsists against another, and the promise of the third person to pay it is made subsequent to the time it was incurred, then such promise to pay by

the third person will not be an original undertaking unless the promise is founded on a new consideration moving to and beneficial to him, so that he thereby comes under an independent duty to pay irrespective of the liability of the other person. The rule, as declared by this court in the case of *Hughes* v. *Lawson*, 31 Ark. 613, is thus stated: "A promise by a third person to pay the preexisting debt of another, founded upon an original liability and without any new consideration to support it, is a collateral undertaking and within the statute of frauds." *Kurtz* v. *Adams*, 12 Ark. 174; *Chapline* v. *Atkinson*, 45 Ark. 67; *White* v. *Rentoul*, 108 N. Y. 222. The controlling question in all such cases is whether or not, at the time the services were rendered to another, the credit therefor was given to the third person then promising to pay for them. If it was, then the debt becomes the original undertaking of the promisor and need not be in writing. When the services are rendered to another, the law implies a promise upon his part to pay therefor, and a liability is thus imposed by law upon him to make such payment. If subsequently a third person agrees to pay such debt, then it becomes a promise to pay the debt of another, and, unless based upon a new consideration independent of the original debt, it is only a collateral undertaking and must be in writing to be enforceable.

In the above instruction numbered 4, given on behalf of the plaintiff, the court told the jury that if the value of the services was charged to the defendant, and subsequently the defendant ratified the same, then his promise to pay need not be in writing. According to this instruction, the only direction or promise made by the defendant was subsequent to the time that the services were rendered, and such agreement was therefore a promise to pay a preexisting debt. Inasmuch as the services in the case at bar were rendered to the injured men and the promise referred to in this instruction was made after such services had been rendered, the charge for the services referred to in the instructions was necessarily not the debt of the defendant but of these injured men. There could be no ratification by the defendant of the act of charging this debt to him unless the charge was made by direction of some agent authorized or unauthorized. *McTighe* v. *Herman*, 42 Ark. 285. There was no testimony that any one claiming to represent

the defendant at the time the services were rendered authorized them to be charged to him.    Under the facts adduced in evidence in this case, this instruction could only mean that if, after the charge was made, the defendant agreed to it, then such agreement need not be in writing;  but such agreement only constituted in fact a promise to pay the debt.    As we have seen above, a subsequent promise by a third person to pay the preexisting debt ·of another must be in writing unless founded on a new consideration.    The court erred, therefore, in giving this instruction.

We have examined the other instructions given in the case and those which were refused, and find no error in the rulings made by the lower court thereon.    We do not deem it necessary to note or pass upon other alleged errors suggested by counsel for defendant, as it is not likely that the matters complained of will occur upon another trial of this case.    For the error indicated above, the judgment is reversed, and this cause is remanded for a new trial.