BURKHART MANUFACTURING COMPANY v. BERRY.

Opinion delivered January 21, 1924.

1. FRAUDS, STATUTE OF—ORIGINAL UNDERTAKING TO PAY ANOTHER'S
   DEBT.—A parol promise to pay the debt of another is not within
   the statute of frauds where it arises from some new and original
   consideration of benefit or harm moving between the newly con-
   tracting parties.

2. BILLS AND NOTES—WRITTEN ACCEPTANCE.—Crawford & Moses'
   Dig., § 7898, requiring acceptances to be in writing, has reference
   to executory acceptances where possession of the bill, together with
   written acceptance thereon, is retained by the owner, and is not
   applicable where the drawee retained possession of an order
   which it had promised to pay in order that the drawer might
   deliver to it lumber which the drawee had promised to turn over
   to the payee in payment of his account.

Appeal from Hot Spring Circuit Court; *W. H. Evans,*
Judge; affirmed.

*Mehaffy, Donham & Mehaffy,* for appellant.

The agreement amounted to nothing more than to
pay the debt of another. Such agreements cannot be
enforced unless executed in accordance with the statute
of frauds. C. & M. Digest, § 4862. Appellant never
accepted the order in writing, and is therefore not bound.
*Id.* 7898.

*D. D. Glover* and *D. M. Halbert,* for appellee.

The promise was an original undertaking. 12 Ark.
174. The promise to pay the debt of another is not with-
in the statute when it arises from some new consideration
moving between the newly contracting parties. 45 Ark.
67; 64 Ark. 462; 93 Ark. 346. But the promise must be
unconditional. 113 Ark. 544.

HUMPHREYS, J. Appellee instituted suit in the cir-
cuit court of Hot Spring County against appellant for
$143.95. It was alleged in the complaint that F. H. West
was indebted to appellee in the sum of $148.95 on open
account; that appellant induced him to get a written
order on it from West, under promise that it would pay
appellee the amount; that he procured the order, which
was accepted by appellant, whereupon he balanced the

account against West and charged same to appellant; that he thereafter purchased $5 worth of oats from appellant, leaving a balance due him of $143.95, and interest.

Appellant filed an answer denying all the material allegations in the complaint, and, by way of further defense, pleaded the statute of frauds in bar of the claim.

The cause was submitted to the jury upon the pleadings, evidence and instructions of the court, which resulted in a verdict and consequent judgment in favor of appellee, from which is this appeal.

Appellee and his clerk, Anna Selph, testified, in substance, that Walter Burkhart, vice president of appellant and general manager of its plant near Donaldson, came into appellee's store, and, upon inquiry from appellee, informed him that West was in a position to make some money; that appellee told Burkhart that West owed him a balance on open account of $148.95, which he had promised to pay in lumber, whereupon Burkhart said he would prefer for the matter to be settled through him, and if he would get a written order from West, who was sawing lumber for his company, he would pay it; that, pursuant to the promise, he procured the following order:

"Donaldson, Arkansas, 7/10/1921. Burkhart Manufacturing Company, Donaldson, Arkansas: Please pay to R. T. Berry $148.95, one hundred forty-eight and 95/100, and charge same to me;" that he handed the order to Burkhart, who received and placed same in his pocket; that he then credited the account of West with the sum evidenced by the order, and charged the amount to appellant on his books; that, sixty days thereafter, he asked Burkhart for the money, who refused to pay it, under the claim that his company owed West nothing, either at the time of receiving the order or thereafter.

F. H. West testified that he was indebted to appellee in the amount evidenced by the order, which he had agreed to pay in lumber; that when he gave the order he was under contract with appellant to furnish it most

of the output of his two mills, but that he was also saw-ing lumber for others; that appellant was indebted to him at and after that time.

Walter Burkhart testified that he took the order for the purpose of sending it to the head office of appellant in St. Louis for payment, on condition that his company was, or should become, indebted to West; that it had a contract at the time with West for the entire output of his mills, but that, during the entire time the mills were in operation, West was indebted to the company. He was corroborated in this statement by appellant's book-keeper.

Appellant contends for a reversal of the judgment upon two grounds; first, that, if the testimony be viewed in the most favorable light to appellee, the transaction was a collateral undertaking and void because not in writing; and second, because, under § 7898 of Crawford & Moses' Digest, it was not bound by an oral acceptance of the order.

(1) When given its strongest probative effect, the testimony introduced by appellee tended to establish an original undertaking. It tended to show that, in order to obtain possession of lumber which West had agreed to turn over to appellee in payment of his account, it would pay the amount of said account to appellee upon the written order of West. This court is committed to the doctrine that "a parol promise to pay the debt of another is not within the statute of frauds when it arises from some new and original consideration of benefit or harm moving between the newly contract-ing parties." *Kurtz* v. *Adams,* 12 Ark. 174; *Chapline* v. *Atkinson & Co.,* 45 Ark. 67; *Gale* v. *Hart,* 64 Ark. 462. The issue of whether the undertaking was an original or a collateral one was submitted to the jury, under instruc-tions under the principle of law announced in the cases cited, and, as the verdict is supported by substantial evi-dence upon this issue, it must be sustained.

(2). The facts in this case do not bring it within § 7898 of Crawford & Moses' Digest, requiring written

acceptances to be in writing before binding upon the drawee. The undisputed evidence shows that the drawee took and retained possession of this order, and, according to the testimony introduced by appellee, it did so in order to get lumber which West had promised to turn over to appellee in payment of his account. If this was true, the acceptance was executed for a consideration. The statute has reference to executory acceptances where the possession of the bill, together with the written acceptance thereon, is retained by the owner. This issue of fact was submitted to the jury, and, as the verdict is supported by substantial evidence, it must be sustained.

The judgment is therefore affirmed.