FRAME v. WHITTAM.

Opinion delivered May 12, 1930.

*John P. Roberts,* for appellant.
*Evans & Evans,* for appellee.

HUMPHREYS, J.   This is an appeal from a judgment in the sum of $225 principal, and $52.45 accrued interest, rendered in the circuit court of Logan County, Southern District, on appeal from the court of a justice of the peace, in favor of appellee against appellant.

The cause proceeded to a hearing in both courts upon a statement of a cause of action filed before the justice of the peace to the effect that appellant was indebted to appellee in said sum for a Ford car sold by appellee to J. R. Frame and R. R. Pearson and later sold to L. L. Frame, appellant, by J. R. Frame and R. R. Pearson.

According to the undisputed testimony, J. R. Frame, the son of appellant, and R. R. Pearson purchased a new Ford runabout from appellee on May 31, 1926, for $475, paid in cash therefor $245, and gave their promissory note for $225, payable on November 1, 1926, bearing 10 per cent. interest per annum from date until paid, in which title to the car was retained in appellee until the note should be paid, but that on the same date, May 31, 1926, R. R. Pearson, representing that the car was the property of Henderson Motor Company of Paris, Arkansas, sold it to appellee for $375, $50 cash and a

note due in thirty days for $325; that appellee paid the note when due, and subsequently sold said car to a man by the name of Montrey; that when appellee attempted to collect the note executed by J. R. Frame and R. R. Pearson he learned that R. R. Pearson had sold the car to appellant, and that appellant in turn had sold it to Montrey.

The record reflects a dispute in the testimony as to what then occurred.

The testimony introduced by appellee tended to show that he threatened, through employees, to retake the car, whereupon appellant prevailed upon him not to do so, promising that he would pay the note.

The testimony introduced by appellant tended to show that when appellee's representatives demanded payment for the car from him, and said that they would retake same unless he paid the note, he refused to pay the amount; and told them to repossess it, as he could get his money back from the Henderson Motor Company.

The issue of disputed fact was submitted to the jury for determination under the following instruction requested by appellee:

"If you find from the preponderance of the testimony that the defendant, Frame, promised the plaintiff, Whittam, to pay the purchase price of the automobile remaining unpaid in consideration, that plaintiff would not take the automobile from Montrey and plaintiff, by reason of such promise, refrained from taking the automobile from Montrey, your verdict will be for the plaintiff, against the defendant for the balance due on the automobile with interest."

Appellant contends that the court erred in giving the instruction quoted because the promise of appellant to pay for the car was not in writing, and the oral contract was within the statute of frauds, Crawford & Moses' Digest, 4862, which provides that no action shall be brought to charge any person upon any special promise to answer for debt, default or miscarriage of another,

770

unless the contract is in writing. A contract to pay the debt of another need not be in writing if supported by a new or independent consideration. Such a contract is not within, or governed by, the statute of frauds. *Zimmerman* v. *Holt,* 102 Ark. 407, 144 S. W. 222; *Brinkley Car Works & Manufacturing Co.* v. *Cook,* 110 Ark. 325, 161 S. W. 1065; *Hunt* v. *Taggett,* 160 Ark. 617, 255 S. W. 873; *Burkhart Manufacturing Co.* v. *Berry,* 162 Ark. 123, 257 S. W. 723. Under the conflicting evidence in the instant case, the jury could have found and did find that appellant promised to pay the note executed by J. R. Frame and R. R. Pearson to appellee in consideration that he would not take the automobile from Montrey, to whom he had sold it.

Appellant also contends that the court erred in giving the instruction lettered A on his own motion, because it omitted the issue of whether appellee failed to retake the car by reason of the promise of appellant to pay the debt. The instruction undertook to state what the issues were, and it failed to state the question of a new consideration. It could hardly be regarded as an instruction to the jury, as it did not declare any principle of law applicable to the facts in the case. It simply attempted to state the issues involved. The omission complained of was included in instruction No. 1, given by the court at the request of appellee, which was a correct instruction. It is apparent that the question omitted in instruction A was an inadvertent omission, and might be regarded as a clerical error which could only be reached by specific objection. No specific objection was made to it, and we are unable to see that any prejudice resulted to appellant on account of the omission. Had appellant thought so, he could have called the attention of the court to the failure to include the question, and the court would have readily included it.

No error appearing, the judgment is affirmed.