BROWN *v*. HALLIDAY.

Opinion delivered October 29, 1923.

1. TRIAL—DIRECTION OF VERDICT.—It is error to direct a verdict for defendant where there is substantial evidence warranting a verdict for the plaintiff.

2. BILLS AND NOTES—SECRET AGREEMENTS.—Where a tenant on plaintiff's plantation in another State was indebted to plaintiff, and, desiring to move to this State to work on defendants' plantation, induced defendants to execute a draft payable to plaintiff for the amount of such indebtedness, in consideration of which plaintiff permitted the tenant to remove her property from his

plantation, the fact that the tenant's property was attached in the other State by other creditors, and that she was thereby prevented from executing a mortgage thereon to defendants as agreed, constituted no defense to the draft, as negotiable paper cannot be burdened with secret agreements between the maker and the party to whom he intrusts it.

Appeal from Chicot Circuit Court; *Turner Butler,* Judge; reversed.

*W. W. Grubbs,* for appellant.

The contract was complete when appellant accepted the draft with the notation on it that it was "for Laura Jones' account to date," and issues his receipt for the account. 13 C. J. 265. It is not necessary that an offer or acceptance be in any particular form. 95 Ark. 421. What the parties to a contract do is evidence of what they understood the contract to mean. 104 Ark. 466. When there is an expressed contract of sale, the terms of the contract govern, and nothing is implied. 82 S. W. (Ark.) 1128. The draft with its notation became the basis of the contract, and, being written by appellee, should be construed most strongly against him. 112 Ark. 1; 171 S. W. (Ark.) 136. It contained no mention of any additional condition, subject to which the payment was made, and appellee is estopped to deny liability. 91 Ark. 141. As between two innocent parties, the loss must fall upon that one whose act contributed most to produce it. 227 S. W. (Ark.) 423. It was error to instruct a verdict. The matter should have been left to the jury. 105 Ark. 526.

*B. F. Merritt,* for appellee.

HUMPHREYS, J. This suit was instituted by appellant against appellees in the Chicot Circuit Court to recover $206 upon a draft drawn by W. H. Carpenter on his co-appellees, who lived at Cairo, Illinois, in favor of appellant.

Appellees interposed the defense that the consideration for the draft failed before it was presented for payment to Carpenter's co-appellees.

The cause was submitted upon the pleadings and proof, which resulted in an instructed verdict in favor of appellees, over the objection and exception of appellant. A judgment was rendered pursuant to the verdict, from which is this appeal.

The record reflects that Laura Jones, negro tenant, who resided on appellant's plantation in Louisiana in 1921, concluded to move with her family and personal property to Yellow Bayou Plantation, in Chicot County, Arkansas, which was managed by W. H. Carpenter for his co-appellees, for the purpose of making a crop in 1922. She was indebted to appellant in the sum of $206, which amount she was unable to pay. She obtained a written statement of her account from appellant, and took it to W. H. Carpenter to see whether he would advance her the money to pay it. He ascertained that she owned certain work stock which was being detained by appellant until Laura should pay her account. As a result of the interview, it was agreed that Laura should remove to the Yellow Bayou Plantation, bringing her stock and other effects, and raise a crop during the year 1922. In order to accomplish this purpose Laura executed a note to Carpenter for $206, and a mortgage was prepared for her to execute when she came back with the work stock, whereupon Carpenter drew a sight draft upon his co-appellees for said sum, payable to appellant. It recited on its face that it was in payment for Laura Jones' account to date. It was made payable to appellant's order, because Carpenter was afraid Laura might use the money for some other purpose. Carpenter and appellant never talked to each other about the matter. The draft was drawn through the Chicot Bank & Trust Company of Lake Village, Arkansas, and was negotiable. Laura delivered the draft to appellant, obtained a receipt in full from him for her account, and moved her property to Milliken, Louisiana. Appellant cashed the draft a short time after receiving same. The property was afterwards attached by another creditor, and, when the draft was presented to Carpenter's co-appellees, payment was

refused on the ground that the consideration therefor had failed.

The only question arising on this appeal for determination is whether the court erred in instructing a verdict in favor of appellees and adjudging the costs of the suit against appellant. It is error to instruct a verdict for a defendant where there is any substantial evidence warranting a verdict for the plaintiff. *Wilson* v. *St. L. & S. F. R. Co.,* 103 Ark. 401, and cases cited to the point on page 404. Under the undisputed evidence in the case appellant should have recovered upon the draft. In order to procure Laura and her household as tenants, Carpenter issued a sight draft, payable to appellant's order, for the purpose of liquidating the indebtedness of Laura Jones, enabling her to remove her property from appellant's plantation to the one he was managing. Appellant accepted the draft, issued Laura a receipt for her account, and permitted her to remove the property off his plantation. The property was then attached by another creditor on the ground that she was about to move it out of the State. Appellant was not informed that the consideration for the draft was an agreement for the execution of a mortgage on the stock when moved to Arkansas. That agreement was between Carpenter and Laura, and, being a secret agreement, could in nowise bind appellant. Negotiable paper cannot be burdened with secret agreements between the maker and parties to whom he intrusts it. When negotiated, such paper is binding on the maker.

On account of the error indicated the judgment is reversed, and a judgment is directed to be entered here for appellant upon the draft, together with interest thereon at the lawful rate.