MEMPHIS & LITTLE ROCK RAIL ROAD AS RE-ORGANIZED V.

SANDERS ET AL.

1. RAIL ROADS : *Negligence in killing stock.*
    To excuse a rail road company for negligence in killing stock wrongfully upon its track, it must appear that there was no negligence of the engineer in keeping watch or in observing signals of danger, and that reasonable care was exercised to avoid the collision after the danger was discovered.

APPEAL from *Lonoke* Circuit Court.

Hon. F. T. VAUGHN Circuit Judge.

*Geo. Sibley* for appellant.

While the instructions, most of them, are law, they were not applicable to the proof in this case, and hence abstract and misleading. 37 *Ark.*, 591-598.

The court should have added to the 8th instruction, the prayer of defendant, "it is only for culpable negligence of defendant after being apprised of the situation of plaintiffs' property that defendant is chargeable." This is elementary law.

Where the injury is the proximate cause of plaintiff's negligence he cannot recover. 36 *Ark.*, 46, 376-7; 5 *Otto* 442; 15 *Rep.* 555; 16 *Ib.* 141; 12 *Ib.* 69; 14 *Ib.*, 542; 1 *Redf. on R'y.* 500-573; 22 *Am. Law Reg.* 117. The horse by the use of ordinary care and skill of plaintiff could not have been upon the track.

Defendant after becoming aware of the situation of the horse exercised due care, and this was all that was required. 39 *Ark.*, 419; *S. & R. on Neg. Sec.* 36. *n.* 1; 1 *Redf. on R. R.* 573 *note* 15; 22 *Am. Law Reg.* 117. Seeing Miller on the track was no indication of danger or notice of the peril, and

disregarding him was not negligence.  1 *Sh. on R.* 573 *note* 15.

The testimony of defendants' witnesses as to the manner of striking the horse is entitled to more weight than the opinion of plaintiffs' witnesses who did not see the striking. 7 *Ark.*, 470; 1 *Whart. on Ev. Sec.* 415.  This shows that the injury resulted from the horse falling into the trestle, and not from being struck by the engine.

It was negligence to stop the horse so near the track, seeing the engine approaching, allowing a loose rein &c.  Such gross negligence disentitles the plaintiff to recover.  5 *Am. Rep.* 201; 13 *Rep.* 45; 12 *Id.* 69; *Ib.* 547-616; 22 *Am. Law Reg.* 117.

His being on the track was negligence.  Defendant had a right to expect a clear track.  36. *Ark.*, 46-50-376, 377.

The words "after becoming aware of the situation of plaintiff's horse," should have been added to plaintiff's 1st instruction.  *Sh. & R. on Neg.* 36 *and cases cited*; 36 *Ark.*, 46-376-7; 1 *Redf. on R.* 500-573.

*Jno. C. and C. W. England* for appellees.

The instructions for plaintiff are law.  37 *Ark.*, 563 ; 27 *Ark.*, 598; &c., &c.

The 8th instruction was fair to both parties.

The evidence fully sustains the verdict and in such case this court will affirm.

EAKIN, J.  Appellees sued the Rail Road Company below, for damages, on account of injury to a horse, done by a running train.  The defendant denied the alleged injuries, and set up, also, contributory negligence on the part of the plaintiffs.  Upon trial, a jury returned a verdict in favor of plaintiffs for 90 dollars damages.  After a motion for a new trial had been overruled, and a bill of exceptions allowed, the defendant appealed.

The 1st five grounds of the motion are all to the effect that the verdict is contrary to the evidence; or not sustained by it. There was proof tending to show, that upon a dark night, a person to whom plaintiffs had hired the horse, was riding him along a dirt road, near the track, but not there crossing it. The road was overflown with water from one to three feet deep. The railroad crossed the low ground upon an embankment several feet above the water, having overflown ditches on both sides. The rider stopped to let his horse drink, being at the time in view of the headlight of an approaching train, which was yet a great distance off. The horse whilst drinking scared at some object and started. Before the rider could gather up the slack of the reins, and control him, the horse ran up the embankment, and along the track to a culvert, at which he fell, throwing the rider over his head. The rider rose, and, first endeavored to get the horse off the track, but finding that impossible, he ran towards the approaching train, waving his hand and cap, and calling out to stop it; until the engine came so near that he jumped off the track to avoid it. The engineer first saw the man on the track waving his hand, but paid no attention to the warning. When the man jumped off, he could see the horse by the light of his headlight, and he then made every reasonable effort, by the aid of the fireman to stop the train. It was too late. The horse was pushed from the track and badly injured. Damages were proved.

The jury might, upon this, find some negligence, unqualified by any proof of contributory negligence. The engineer says that he did not heed the warning, because it is customary for persons to get upon the track, and jump off just as the engine comes up. It was for the jury to say, whether or not that sort of annoyance fairly excused the engineer from disregarding the only warning of danger, which under the circumstances, it was possible to give. The company,

RAIL ROADS: Negligence in killing stock.

through him, took the responsibilty of doing so. Fortunately, in this case, the only injury was damage to an animal. It might, for aught the engineer could know, have involved the death of a human being lying helpless on the track, or, far worse, the wreck of the train in a broken culvert, and the death of the persons on board. For if the engineer could not see the horse in time to stop the train, he could not have discovered the damaged condition of the culvert if it had been broken. Considering the time, place, and circumstances; the darkness of the night, the longe levated embankment, the water floods upon each side, which would deter animals from leaving the track; we can easily understand that his conduct might impress the jury as somewhat reckless. The verdict finds ample support in the proof. As to contributory negligence it may be as well to say, once for all, that there is not a particle of proof of it in the whole transcript.

It is true enough, in one sense, that railroad trains have a right to a clear and unobstructed way along their tracks. No one may obstruct these, without a trespass and a wrong, unless it be done accidentally or unavoidably. Still this right must be exercised reasonably, with a fair consideration of the rights of others, and with reference to the circumstances of the country. The servants and agents of the companies for whose acts they are responsible, have not the right wantonly, recklessly, or even carelessly, to destroy whatever they may find in their way. Roads are useful to citizens, but the right to a fair and reasonable protection of property is useful to them also, not to be overbalanced by the inconvenience of a slight delay of a train, to say nothing of the far higher consideration—the lives and limbs of human beings on the train, whether brakemen or passengers.

The instructions have been very carefully given and refused by the Hon. Circuit Judge. His rulings have been in

accordance with the views of this court previously expressed, or necessarily implied.  Only one has met with serious objection on the part of appellant's counsel.

The 8th instruction given for the defendant was, that "if the property of plaintiffs was wrongfully on the defendant's track, as the defendant was entitled to a free and unobstructed track, as against the plaintiffs, it is only for negligence of the defendant after being apprised of the situation of plaintiff's property, that defendant is chargeable."  This is correct upon the hypothesis that there was no previous negligence in keeping watch, or disregarding signals of danger.  It was perhaps too favorable for defendant as given. The defendant by counsel insisted, however, that his honor should add: that "it is only for *culpable and gross* negligence of defendant, after being apprised of the situation of plaintiff's property, that defendant is chargeable."  This was properly refused.  It is not sufficient to exercise a slight degree of care and attention, the omission of which would constitute *gross* negligence, to excuse one from inflicting damage to which the injured party has contributed.  After the discovery of a danger, brought about by the negligence of another, one must in all cases use a reasonable diligence to avoid the consequences, and, where human life is involved, to be reasonable it must be everything that humanity would prompt, and which might be reasonably thought of in the emergency.  In ordinary cases like this, involving property, it must be ordinary care.  Such care as a prudent man, of average careful habits, would be prompted to use, to avert an injury to property of his own.  Gross negligence implies only absence of slight care.  The degree of care should be proportional to the pending danger to be apprehended.  To have given the instructions as asked might have been misleading.  *L. R. & Ft. Smith R. R. Co. v. Finley,* 37 *Ark.,*

562; *Citizens St. Railway v. Steem*, 42 *Ib.*, 321 ; *L. R. & Ft Sm. R. R. v. Turner*, 41 *Ib.*, 161.

We find no reversible error.

Affirm.