BRINKLEY CAR COMPANY *v.* COOPER.

Opinion delivered April 12, 1901.

1. DANGEROUS PREMISES—INJURY TO CHILD—LIABILITY.—In an action by a child of six years against the owner of premises to recover for injuries received by walking into a pool of hot water, defendants' liability would depend upon its being shown (1) that defendant had notice that plaintiff or other children were likely to come on the premises, and (2) that by reason of the concealed nature of the pool or the want of notice of the condition of the water injury to them ought reasonably to have been foreseen as the consequence of leaving the pool in that condition. (Page 333.)

2. APPEAL—COSTS.—Where appellant asked for a new trial for error in instructions, but failed to set out all those given, the cost of his brief will be disallowed on a reversal. (Page 337.)

Appeal from Monroe Circuit Court.

GEORGE M. CHAPLINE, Judge.

Reversed.

### STATEMENT BY THE COURT.

The Brinkley Car Works & Manufacturing Company, a corporation organized under the laws of this state, has its plant located at Brinkley, Arkansas. It was the custom of the company to let the water out of its boiler every two weeks to cleanse the boiler. When the water was thus let out, it flowed into a depression on the premises of the company, and formed a shallow pool of hot water, but in about an hour it sank into the earth. The water was usually let out on Sunday, so that the boiler could be cleaned out on Monday following. On a Sunday shortly after the boiler was emptied, Fred Cooper, a boy six years and two months old, who was playing on the premises of the company, walked into the pool of hot water, and was severely scalded on his feet, legs and hands. He brought this action against the company to recover damages for the injury In explanation of the accident, he testified that he and another boy were on the side of the mill when the water came out of the box and went into the pool. "We were," he said, "throwing bark and chips into the water in the mouth of the pit, and watching the steam rise. The pool was covered with bark, except when the force of the water had pushed it back at the mouth of the pool. The rest of the pool was covered up with trash and bark, so that the water could not be seen, and when I stepped in I thought it was ground, and did not see the water."

The court in its instruction number one instructed the jury as follows: "If the jury believe from the evidence that the agent or agents of the defendant had knowledge, or ought reasonably to have known, that the plaintiff and boys about the age of plaintiff were in the habit of playing at the pool of water where the plaintiff was injured and on and about its premises around and near said pool, and thereafter made no effort to protect said pool from exposure as would prevent the plaintiff and other children of his age from going into it and receiving said injury, the defendant would be guilty of negligence, and you will find for the plaintiff."

Defendant duly objected, and saved exceptions to the giving of this instruction.

The plaintiff recovered judgment for $1,800, from which judgment the company appealed.

This is the second time the case has been before this court, and a fuller statement of facts can be found reported with former opinion in 60 Ark. 545.

*N. W. Norton* and *C. F. Greenlee,* for appellant.

The law makes no unreasonable demands. It does not require from any man superhuman wisdom or foresight. 35 Ark. 615; 60 Ark. 549; 75 N. W. 735. The courts have uniformly denied the liability of a landowner for injuries to trespassing children by reason of open and unguarded ponds and excavations upon his premises. 93 Mo. 422; 45 Neb. 467; 72 N. W. 316; 47 Pa. 113, 598; 32 N. W. 223; 25 Mich. 1; 100 Pa. St. 144; Shearm. & R. Neg. § 505; Thom. Neg. § 3; 52 N. W. 965; 75 N. W. 1038; 52 S. W. 183. A verdict for the defendant should have been directed. 9 Atl. 790; 65 Pa. St. 276; 23 Kan. 347; 129 Mass. 140; 126 Mass. 377; 57 Ark. 18; 50 S. W. 42; 28 S. W. 1069; 28 N. E. 283; 64 N. H. 220; 23 N. E. 231; 10 S. W. 593; 19 S. W. 216; 27 N. E. 773; 6 S. W. 74; 33 N. E. 1028.

*M. J. Manning, J. P. Lee* and *Grant Green, Jr.,* for appellee.

Children are required to exercise only such care as may reasonably be expected of those who possess only the intelligence and maturity of judgment which they possess. 60 Ark. 549; 57 Tex. 126; 67 Ala. 6. The verdict of the jury should be final as to the question of negligence. 11 Ark. 630; 10 Ark. 474; 34 Ark. 637. The owner of private grounds is liable for injuries to children when it is known to him that they are accustomed to go upon it. 81 Ky. 638; 50 S. W. 42; 17 Wall. 657; 21 Minn. 207; 19 Conn. 507; 57 Tex. 126; 1 Ad. & E. (N. S.), 29; 154 Ill. 141; 60 Ark. 548.

RIDDICK, J., (after stating the facts.) This is an action brought for a minor by his next friend to recover damages for injuries received by him from a pool of hot water on the premises of the defendant company.

The case has been twice tried, and is now before this court for the second time. On the first trial the plaintiff rested his right to recover on the fact that the company permitted a pool of hot water on its premises to be covered over and concealed by bark and trash,

so that plaintiff, a boy six years of age, while playing on the premises and not knowing that there was a pool of hot water there, walked into it and was burned. On the appeal from the judgment rendered on that trial the case was reversed by this court, for the reason that the instructions of the trial judge did not submit to the jury the question whether, under the circumstances in proof, the company ought reasonably to have anticipated that children of the age of plaintiff would probably go upon the premises and receive such injury as the plaintiff did receive by reason of the situation and condition of the pool of water at the time of the injury. The court said that "the owner of land is not required to provide against remote and improbable injuries to children trespassing thereon. But he is liable for injuries to children upon his private grounds when it is known to him that they are accustomed to go upon it, and that from the peculiar nature and exposed and open condition of something thereon which is attractive to children he ought reasonably to anticipate such an injury to a child as that which occurred." Now, it seems from some of the instructions given on the second trial that the circuit judge understood from this language that the defendant company was liable in this case if its officers knew that boys about the age of plaintiff were in the habit of playing at or near the pool of water where the injury occurred, and made no effort "to so protect the pool from exposure as would prevent the plaintiff and other children of his age from going into it and receiving injury." But the language of the court in the opinion must be taken in connection with the facts as they were alleged and proved on the other trial. It was alleged on that trial, and the evidence tended to show, that the pool of hot water was concealed by trash and bark, and that the boy, not knowing of its presence, accidentally walked into it and was injured. The court, in effect, said of this state of facts that the mere fact that there was a pool of hot water concealed by bark and trash on the premises of the defendant, into which a boy had accidentally walked and was burned, was not of itself sufficient to make out a case. This shallow depression into which the water ran from the boiler was on the private grounds of the defendant some distance from the nearest street or traveled way. The water was turned into it only once in two weeks, and remained there but a short time before it cooled or sank into the earth and became harmless. Under these circumstances, the court held, in effect, that the proof must not only show

that the pool was concealed and dangerous, but must go further and show that the company knew that boys were in the habit of frequenting the place, or would probably come there, and would be liable to receive injury from the pool left in such concealed condition. There are few boys of six years of age that do not know that fire or hot water will burn, and if this boy possessed that amount of intelligence, and yet went on the premises of the company, and of his own volition or carelessness walked into an open pool of water that he knew was hot, we think that no recovery can be had for injury thus sustained by him. If the law was otherwise, one could not boil water in an open kettle on his premises without being liable for damages to any boy who should come and put his hand into it, unless he went to extra precaution to prevent the boy from getting to the water. Such a rule, carried to its logical conclusion, would, as said by the supreme court of Pennsylvania, render the owner of a fruit tree liable for damages to a trespassing boy who in attempting to get the fruit should fall from the tree and be injured. It would charge the duty of protecting children upon every member of the community except upon their own parents. *Gillespie* v. *McGowan,* 100 Pa. St. 144. We did not intend to lay down such a rule in the former opinion in this case, but we hold that if the company owning the premises had notice that children did frequent the place of this pool, or were from the nature of the surroundings likely to do so, and if it carelessly left a pool of hot water there concealed in such a way that one would reasonably expect it to occasion injury to such children, the company would be liable for damages to a boy who by reason of its concealed nature walked into the pool of hot water and was burned.

An owner of land has the right to use it for any lawful purpose, and this company had the right to operate its manufacturing plant and empty the hot water from its boilers on its own premises when it became necessary to do so, and before it can be made liable for an unintentional injury caused to a boy of six years of age by such hot water, two things are necessary: First, it must be shown that the company had notice that this boy or other children were likely to come upon its premises; and, second, that by reason of the concealed nature of the pool of water, or the want of notice on the part of the children of the condition of the water, injury to them ought reasonably to have been foreseen on the part of the company as a consequence of leaving the pool of water in that condition. Watson, Damages, § 234, page 291.

If the pool of water was open, and not concealed, and the boy had notice that it was hot, we think that the company could reasonably suppose that a boy six years of age would not intentionally or carelessly put his foot into water known by him to be hot, and if he did so, and injury resulted, we do not think the company is responsible. The law on this point was correctly stated in the sixth instruction given at the request of the defendant, and other instructions given at the trial were correct, but others were not so clear, and instruction number one given at the request of the plaintiff seems in conflict with some of those given for the defendant.

We said in the former opinion that the instructions were erroneous because they assumed that the company was liable to any child trespassing on its grounds for an injury caused by a concealed pool of hot water, whether there was anything to put the company on notice that a child was likely to come upon the premises or not, and now we must hold that one of them is erroneous for the reason that it assumes that the company, if it had notice that children were accustomed to frequent its premises, is liable for any injury inflicted on a boy by a pool of hot water, though he may have known that the water was hot, and may have possessed sufficient intelligence to appreciate the danger, and yet walked into it of his own volition or carelessness. Such a rule might be just as to very young children having no knowledge or appreciation of such danger, but a boy over six years of age should know better than to knowingly or carelessly put his foot into a pool of scalding water. He testified in this case that he did know better. His testimony shows that he knew the water in the pool was hot, and he stepped in it unintentionally. He said that he and a companion were watching the steam rise from the end of the drain where the water ran into the pool. "The pool," he says, "was covered with bark except where the force of the water had pushed it back at the mouth of the pool. The rest of the pool was covered up with trash and bark, so that the water could not be seen, and where I stepped in I thought it was ground, and did not see the hot water." This tends to show that he was misled by the concealed nature of the pool. But there is conflict in the evidence on this point, and that question was not fairly submitted to the jury. Instruction one, given at the request of the plaintiff, permitted a recovery without regard to whether the boy had notice that the water was hot or not, or whether the pool was concealed or open. We think

that this instruction was erroneous and prejudicial, and for that reason the judgment is reversed, and a new trial ordered.

The appellant did not comply with the rule requiring all the instructions given on the trial to be set out in the abstract, where a reversal is asked on account of error in instructions. For that reason it is ordered that no costs for printing briefs be taxed in its favor.