ROBINSON v. ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY.

Opinion delivered December 20, 1926.

1.  APPEAL AND ERROR—REVIEW OF DIRECTED VERDICT.—In reviewing an order directing a verdict for defendant, the evidence is to be viewed most favorably for plaintiff.

2.  TRIAL—DIRECTION OF VERDICT.—Where, in viewing the evidence most favorably for the plaintiff, he is entitled on any theory to recover, it is error to direct a verdict for defendant.

3.  NEGLIGENCE—ATTRACTIVE NUISANCE DOCTRINE.—Evidence in an action by an eight-year-old child for injuries from falling in a pile of burning coal, that the coal was crusted over, and was situated near a path which the public had used for years, and where children had been accustomed to play, *held* to make a case for the jury under the attractive nuisance doctrine.

Appeal from Little River Circuit Court; *B. E. Isbell,* Judge; reversed.

*Shaver, Shaver & Williams,* for appellant.

*A. P. Steele* and *A. D. DuLaney* and *King, Mahaffey & Wheeler,* for appellee.

HUMPHREYS, J.   This is an appeal from an instructed verdict against appellant, and a consequent judgment dismissing her complaint.

The suit was instituted by her father, as next friend, in the circuit court of Little River County, against appellee, to recover damages for burns received by her while walking over a pile of slack coal and cinders on its right-of-way near a pathway used by the public in crossing its railroad tracks. The gist of the complaint is that appellee's employees negligently set fire to the interior of the pile of slack coal, which continued to burn and create a cavity therein, leaving a crust on the outside so thin that the appellant, an eight-year-old child, stepped through it into the fire, and burned her right foot and leg, resulting in temporary injuries and considerable pain and suffering.

In reviewing the testimony in this case to ascertain whether the trial court erred in peremptorily instructing a verdict in favor of appellee and dismissing appellant's complaint, the governing rule is to view it in the most

favorable light to appellant, and, when viewed in that light, if appellant was entitled to recover, upon any theory under the law, the judgment should be reversed, and the cause remanded for a new trial. *Williams* v. *St. Louis & S. F. Rd. Co.,* 103 Ark. 401, 147 S. W. 93; *Brown* v. *Halliday,* 160 Ark. 560, 254 S. W. 1057.

The undisputed testimony shows that there was a pile of slack coal on the right-of-way near a pathway used by the public in crossing the railroad track in going from one part of Ashdown to another; that the employees of appellee wrecked some old buildings, and piled the unusable lumber therefrom on the coal pile and set fire to it; that it burned for several days, and, during that time, entered the interior of said bed or deposit of coal and continued to burn within, creating a cavity, and leaving a crust on the outside thereof so thin that it was unsafe to walk upon; that appellant, who was eight years old, left the pathway, and, in walking over the pile of slack coal fell through the crust or hull into the burning cavity and burned her foot and leg; that, on account of the burn, she was confined to her bed for about two weeks, and suffered considerable pain.

There is evidence in the record tending to show that, although the pathway across the railroad right-of-way was not intended for the use of the public, the public had used it for many years with the knowledge of appellee, and without any objection on its part other than the posting of two signs, one about 90 feet east and one about 90 feet west of a bridge over a pond in the line of the pathway. The signs read, "Private Property, Keep off." There is also testimony in the record tending to show that children had been playing in the vicinity of the bridge, pathway and slack-coal pile for a long time.

We think the testimony showing that the public had been passing at this place and that children had been playing in this vicinity for years was sufficient to warrant the submission of the issue to the jury of whether appellant was a licensee at the time she received the injury, and, if a licensee, whether the coal pile was a dangerous

object, so attractive to children that one of ordinary prudence might expect that a child of the intelligence of appellant might be attracted thereto and injured. In other words, that there is sufficient substantial evidence in the record to support the verdict under the attractive nuisance doctrine, and that the evidence in the case brings it within the rule announced in *Brinkley Car Co.* **v.** *Cooper,* 70 Ark. 331, 67 S. W. 752, 57 L. R. A. 724. This is the only theory upon which a verdict might be sustained, so the judgment is reversed, and the cause is remanded for a new trial upon this theory and no other.