SANDERS v. BAIRD.

4-4924

Opinion delivered January 31, 1938.

536

*Tom W. Campbell, Byron R. Bogard* and *Joe Norbury,* for appellants.

· *Ben D. Brickhouse* and *Linwood L. Brickhouse,* for appellee.

McHANEY, J. Appellant, a minor, brought this action by his father and next friend against appellee to recover damages for personal injuries sustained by him in falling from a large outdoor signboard erected and owned by appellee on a lot in North Little Rock, near the home of appellant. · The material part of the complaint, necessary for a determination of the question here presented, is as follows:

."On June.12, 1937, said defendant owned and maintained a large signboard in a grove of trees in North Little Rock near the home of these plaintiffs, which signboard the defendant had caused to be erected in said grove among the trees at some time prior to June 12, 1937. The place where the defendant erected and maintained said signboard was, at the time defendant erected it, there and on June 12, 1937, unenclosed and was a place where the children, and especially the small boys of like age as the said Louis Edward Sanders residing in that portion of North Little Rock, had long been accustomed to go and to play. A wide, plain, much-traveled and well-defined footpath then and there extended through said grove and near said signboard, and children of the age of the said Louis Edward Sanders were then and there accustomed, and such children had long been accustomed, to go along said footpath and to congregate and to loiter and play under and among the trees at the place where the defendant thus erected and maintained said signboard.

"The said signboard was constructed at the edge of said grove of trees and facing upon a public street that passed along the side of the said grove, framework supporting said signboard and at the rear thereof, extending back under the trees in said grove. The said framework at the rear of said signboard and supporting the same consisted of a number of brace timbers, the lower ends of which were driven into the ground several feet in the rear of the bottom of said signboard, which brace

timbers extended from the ground to the top of said sign-board at intervals along the back of said signboard of seven or eight feet; and at a distance of seven or eight feet from the ground there was nailed to the said brace timbers a horizontal timber approximately 2 by 4 inches in size; and cross-braces extended from the bottom of one of said brace timbers up to the point where the said horizontal timber was nailed to the next succeeding brace timber; and the said brace timbers at the bottom were fastened to large square posts which were securely driven into the ground, the said posts being square and flat on top and the tops thereof being about three feet from the ground.

"The said framework supporting the large signboard and thus constructed and maintained by the defendant in the rear of his said signboard and under the shade trees where the plaintiff, Louis Edward Sanders, and many other boys of like age were accustomed to gather and to play constituted an attractive nuisance, and the character of the construction of the said framework and its location in the very midst of the playground of said plaintiff and his small boy companions, tempted them to climb upon said framework of said signboard and to play thereon.

"The defendant, although he well knew at the time he so constructed and maintained said signboard and framework in the rear thereof that little boys of like age of said Louis Edward Sanders were accustomed to gather and to play under the trees at that point, and that they would continue to gather and to play there and would probably be attracted by and induced to climb upon the said timbers supporting said signboard and to fall therefrom and be injured, the defendant, nevertheless, wholly failed and neglected to place any fence or other enclosure about the rear of said signboard to prevent boys from climbing upon the same, but left the said framework of said signboard wholly unguarded and exposed to tempt little boys to climb thereon to their injury.

"On June 12, 1937, the said plaintiff, Louis Edward Sanders, in company with another boy of about his age and who, like said plaintiff, lived near where the said

signboard had been erected by the defendant, went from their nearby homes along the said footpath through the said grove to their accustomed playground under said trees at the point where the said defendant had constructed and then maintained said signboard; and, being attracted by the facilities which the said timbers afforded them to climb, and being actuated by the natural impulse of boys of that age to climb, they climbed upon said timbers supporting said signboard and got upon the said horizontal timber which is fastened to the said brace timber at a distance of approximately seven feet from the ground; and when the said plaintiff, Louis Edward Sanders, got upon the said horizontal timber he fell from it to the ground beneath, a distance of about seven feet, and the force of said fall was so great that his right arm was thereby fractured and broken in and about the elbow joint and the elbow joint was dislocated and the bones of his lower right arm were broken and fractured and broken ends of the bones of his said arm were driven through the flesh and skin and into the ground, causing infection, all of which necessitated the amputation of his right arm and the complete loss thereof.''

The negligence relied on is not in the manner of the erection of the signboard, but in erecting it at the place it was, and in failing to build a fence or other enclosure around the rear of the sign. The attractive nuisance doctrine or the doctrine of the turn-table cases is relied on. The trial court sustained a demurrer to the complaint, and when appellant refused to plead further, but stood upon said complaint, it was dismissed at his cost. The case is here on appeal.

For a reversal of the judgment, appellant has cited the following cases: *Brinkley Car Co.* v. *Cooper,* 60 Ark. 545, 31 S. W. 154, 46 Am. St. Rep. 216 same case on second appeal, 70 Ark. 331, 67 S. W. 752, 57 L. R. A. 724; *Nashville Lumber Co.* v. *Busbee,* 100 Ark. 76, 139 S. W. 301, 38 L. R. A., N. S. 754; *Valley Planing Mill* v. *McDaniel,* 119 Ark. 139, 170 S. W. 994; *Foster* v. *Lusk,* 129 Ark. 1, 194 S. W. 855; *Central Coal & Coke Co.* v. *Porter,* 170 Ark. 498, 280 S. W. 12; *Robinson* v. *S. L.-S. F. Ry. Co.,* 172 Ark. 494, 289 S. W. 465; *Standard Oil Co.* v.

*Dumas,* 183 Ark. 616, 38 S. W. 2d 17; *Ark. Power & Light Co.* v. *Kilpatrick,* 185 Ark. 678, 49 S. W. 2d 353. We are of the opinion that these cases are not in point with the case at bar and are not controlling here. The case last cited, *Ark. P. & L. Co.* v. *Kilpatrick,* is the latest decision of this court involving the attractive nuisance doctrine. We there entered upon an exhaustive research of the authorities on the subject, including our own cases, and arrived at the conclusion that the power company was liable. In doing so, the general rule was stated as follows: "It is the general rule that the maintenance of a dangerous instrumentality that is attractive to children, or the maintenance of such instrumentality at a place made attractive to children, is an invitation to children to come upon the premises, and they are not trespassers in so doing; in other words, the children attracted to the place are in the same situation that adult persons are in going on the premises by invitation."

Just before stating the general rule as above, the court said: "The general rule is well stated in C. J., as follows:

" 'It has been held that one who maintains on his premises a dangerous instrumentality which is not itself attractive, but is placed in such immediate proximity to an attractive but not dangerous situation or condition as to form with it an attractive and dangerous whole, is liable for injuries to a child thus attracted to the danger.' "

We reaffirm the general rule as stated. If appellant had been injured on a "dangerous instrumentality," the rule announced might apply. But a signboard in and of itself is not a "dangerous instrumentality," nor was it such an instrumentality that might become dangerous by being set in motion, as was the fact in the Lusk, McDaniel and Dumas cases, *supra.* The signboard did not hurt appellant, and neither did it cause him to fall and hurt himself. He fell by climbing upon one of the braces. But appellant alleged negligence in failing to enclose with a fence the rear part of the signboard. We cannot agree that any such duty rested upon appellee, since, as we have seen, the construction itself was not a dangerous instru-

mentality or one that could become such by being set in motion. The trees in the grove mentioned in the complaint were just as much an attractive nuisance as was the signboard. Indeed, they would appear to be more attractive to climb upon, and they would be just as dangerous in case of a fall.

In *Catlett* v. *Railway Co.,* 57 Ark. 461, 21 S. W. 1062, 38 Am. St. Rep. 254, Judge COCKRILL said: ''The appellant argues that a slow moving train is 'dangerous machinery,' alluring to boys; and that it is therefore negligent of the company to fail to take precaution to keep them off such trains. That is the argument made to sustain a class of cases known as the 'Turn table Cases,' the leading one of which is *Railroad Co.* v. *Stout,* 17 Wall. 657, 21 L. ed. 745. The doctrine of those cases has been much criticized and doubted, and by some courts repudiated. See *Daniels* v. *N. Y. & N. E. Ry.,* 154 Mass. 349, 28 N. E. 283, 13 L. R. A. 248, 26 Am. St. Rep. 253; Patterson Ry. Accident Law, § 196. Whatever its merits may be, it has never been extended to such length as to control a case like this. See *Bishop* v. *Union R. Co.,* 14 R. I. 314, 51 Am. Rep. 386; *Shelton* v. *Ry.,* 60 Mo. 412.

''The youth of the person injured will sometimes excuse him from concurring negligence, but no amount of youthful recklessness can supply the place of proof of negligence on the part of a defendant sought to be charged on account of negligence. Patterson's Ry. Accident Law, § 75.'' See, also, *Sweeden* v. *Atkinson Imp. Co.,* 93 Ark. 397, 125 S. W. 439, 27 L. R. A., N. S. 124; *St. L. & S. F. R. R. Co.* v. *Williams,* 98 Ark. 72, 135 S. W. 804, 33 L. R. A., N. S. 94.

The allegation in the complaint that appellee was negligent in failing to enclose the sign does not amount to a charge of actionable negligence since, as we have stated, no duty rested upon him to do so.

The court correctly sustained the demurrer, and its judgment is accordingly affirmed.