McAllister, Administrator, *v.* Calhoun.

4-8257                                                    205 S. W. 2d 40

Opinion delivered October 13, 1947.

Rehearing denied November 17, 1947.

18

*J. C. Brookfield,* for appellant.

*Giles Dearing* and *Buzbee, Harrison & Wright,* for appellee.

Minor W. Millwee, Justice. This appeal involves the question of the sufficiency of the evidence to sustain a charge of willful and wanton negligence on the part of the driver of an automobile in an action for damages against the owners under our guest statute (§§ 1302-4, Pope's Digest).

Carl McAllister brought an action to recover damages for the death of his 15-year-old daughter while riding as a guest in an automobile owned by defendants, J. V. Calhoun and wife, and being operated by their daughter-in-law, Mrs. J. V. Calhoun, Jr. At the conclusion of the testimony on behalf of plaintiff, the trial court directed a verdict in favor of defendants on the ground that the evidence was insufficient to show that the operator of

the car involved in the tragedy was guilty of willful or wanton negligence as required by the guest statute.

In determining the correctness of the ruling of the trial court on this issue we must give the evidence its strongest probative force in favor of plaintiff. The rule is stated in *Barrentine* v. *The Henry Wrape Co.*, 120 Ark. 206, 179 S. W. 328, as follows: "In determining on appeal the correctness of the trial court's action in directing a verdict for either party, the rule is to take that view of the evidence that is most favorable to the party against whom the verdict is directed, and where there is any evidence tending to establish an issue in favor of the party against whom the verdict is directed, it is error to take the case from the jury." See, also, *Scott* v. *Wisconsin & Ark. Lbr. Co.*, 148 Ark. 66, 229 S. W. 720.

The evidence on behalf of plaintiff was as follows: Imogene Calhoun, the 16-year-old daughter-in-law of defendants, was residing with them at Vanndale, Arkansas, in July, 1945, while her husband, J. V. Calhoun, Jr., was in military service. A friend, Alidean Tyree, of Forrest City, Arkansas, was visiting Imogene on July 22, 1945, when defendants gave their daughter-in-law permission to use their 1942 Pontiac automobile to make a trip to Wynne, Arkansas. Defendants' five-year-old daughter, Fay Frances Calhoun, wanted to go to the picture show at Wynne and permission was given for her to go along. They drove to Wynne where Fay Frances was left at the home of relatives. Imogene and Alidean then drove to Cherry Valley and picked up their friends, Margie Cummings, Naomi Cummings Gardner, and the deceased, Verdie Rae McAllister, after the latter had obtained plaintiffs' permission to join the others.

Wynne is located 14 miles south of Cherry Valley and seven miles south of Vanndale. The trip from Wynne to Cherry Valley and return was made via Birdeye instead of Vanndale, the home of defendants and a more direct route. In Wynne the five girls picked up Fay Frances Calhoun and two younger sisters of the Cummings girls and left them at a movie theater. At Imogene's suggestion the five girls then decided to drive

to Forrest City, which is 16 miles south of Wynne, intending to pick up the children on their return to Wynne after the show was over.

Imogene was driving at a high rate of speed at a point about three and one-half miles south of Wynne when she lost control of the car which left the road, turned over and came to a stop in a field about 50 or 60 feet from the highway, tearing up the ground as it went. The accident happened sometime in the afternoon on State Highway No. 1 which is a hard-surfaced road. Verdie Rae McAllister sustained injuries resulting in her death 44 hours later.

Margie Cummings, who was riding on the back seat, testified that Imogene drove 75 miles per hour on the trip from Cherry Valley to Wynne and that she and her sister asked Imogene to reduce the sped and that she promised to do so before they left Wynne for Forrest City; that they were driving 80 miles an hour just before the accident, when Naomi Gardner again asked her to slow down; that Imogene was still driving 80 miles per hour, when they heard a noise which sounded as if a recap on a rear tire was coming off. Margie testified that Imogene applied the brakes when they heard the noise under the car, while Naomi testified that she did not know whether or not the brakes were applied. There was no evidence that the tire blew out. Imogene lost control of the car which left the road, turned over and went through, or over, a barbed wire fence enclosing the field where the car stopped. The girls were friends and the purpose of the trip to Forrest City was to take an airplane ride, which was suggested by Imogene.

There was also evidence that Imogene had the reputation of being a fast and reckless driver, and that defendants permitted her to drive the automobile knowing that she was a reckless driver.

To sustain the action of the trial court in directing a verdict in their favor defendants say that evidence of excessive speed and noncompliance with the request of a

guest to slow down are not, alone, sufficient evidence of willful or wanton negligence. The cases of *Splawn, Admx.,* v. *Wright,* 198 Ark. 197, 128 S. W. 2d 248, and *Edwards* v. *Jeffers,* 204 Ark. 400, 162 S. W. 2d 472, are cited in support of this contention. In the case first cited the parties were driving on a straight gravel road at a speed of 40 to 45 miles per hour, when the driver reached down to turn on, or adjust, a heater and the car plunged into a bridge railing, injuring the plaintiff. It was held that the driver was guilty of nothing more than a simple act of negligence in attempting to adjust the heater, and that this evidence was insufficient to justify a recovery in view of the guest statute.

In the Edwards case, *supra,* plaintiff alleged that her host drove at a reckless, dangerous and unlawful rate of speed while attempting to negotiate a curve and that the car left the road, resulting in serious injury to plaintiff. It was further alleged that the careless and unlawful rate of speed amounted to willful and gross negligence on the part of the defendants. There was testimony on behalf of plaintiff that one of the defendants was driving 70 or 80 miles an hour at the time the car skidded and turned over on its side in a ditch. It was pointed out in that case, however, that the physical facts demonstrated that defendant had not attained a speed of 70 or 80 miles an hour at the time of the accident as plaintiff's witnesses testified, and it was held that the driver of the car was not guilty of willful and wanton negligence under the statute.

In the instant case we think the physical facts tend to support, rather than contradict, the testimony of the Cummings girls that Imogene was driving 80 miles an hour when the car left the road.

In the Splawn case, *supra,* we said: "Whether an automobile is being operated in such a manner as to amount to wanton and willful conduct in disregard of the rights of others must be determined by the facts and circumstances of each individual case." Whether or not a driver was guilty of willful or wanton negligence is ordinarily a question of fact for the jury. Blashfield, Cyclo-

pedia of Automobile Law & Practice (Perm. Ed.), vol. 10, p. 759.

In the cases relied on by defendants this court reaffirmed the rule laid down in *Froman* v. *J. R. Kelley Stave & Heading Company,* 196 Ark. 808, 120 S. W. 2d 164, where it was held that in order to recover under our guest statute the negligence must be of a greater degree than gross negligence, and the shadowy distinction between gross negligence and willful or wanton misconduct was recognized and discussed. In the Froman case this court said: "In Malcom's Automobile Guest Law an entire chapter (VII) is devoted to 'Willful and Wanton Misconduct Under the Guest Law Statutes,' and scores of cases are cited in which the difference between negligence and willful and wanton misconduct is discussed. All the cases appear to recognize the distinction, although a number point out the fact that the difference between gross negligence and willful and wanton misconduct is so narrow and indistinct that in many instances the question is one for the jury whether the negligence had become willful and wanton." In the same case the court approved the definition of the term "willful negligence" as stated by the Vermont court in *Sorrell* v. *White,* 103 Vt. 277, 153 Atl. 359, as follows: " 'To be willfully negligent, one must be conscious of his conduct and, although having no intent to injure, must be conscious, from his knowledge of surrounding circumstances and existing conditions, that his conduct will naturally or probably result in injury. . . . "willful negligence" means a failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another. . . .' "

When the testimony on behalf of plaintiff is viewed in the light most favorable to plaintiff, we think the able trial judge erred in holding as a matter of law that the evidence was insufficient to show willful and wanton negligence on the part of the driver. The excessive rate of speed at which the car was being driven at a time when wartime driving restrictions were in effect together with the driver's failure to heed the protests of guests, were

sufficient, in our opinion, to make a question for the jury on the issue of willful and wanton negligence.

Defendants also say that the trial court was warranted in directing a verdict in their favor because plaintiff alleged but failed to prove that the driver was acting as defendants' agent at the time of the accident. It is true that agency was not shown, but this was not fatal to plaintiff's case since there was substantial evidence that defendants permitted their daughter-in-law to drive the car, knowing that she was a careless and reckless driver. *Layes* v. *Harris,* 187 Ark. 1107, 63 S. W. 2d 971; *Chaney* v. *Duncan,* 194 Ark. 1076, 110 S. W. 2d 21.

For the error indicated, the judgment will be reversed and the cause remanded for a new trial.