PINKERTON *v.* DAVIS.

4-8364

207 S. W. 2d 742

Opinion delivered February 2, 1948.

*Tom Kidd*, for appellant.

*Boyd Tackett*, for appellee.

ROBINS, J. Appellee sued appellant for $300 for damage done to appellee's automobile in a collision between it and a truck driven by appellant on Highway 70 in Pike county. Appellant answered, denying liability and asking judgment on counter-claim against appellee for $200 to cover damage occurring to appellant's truck in the collision.

A jury returned a verdict in favor of appellee for $175, and from judgment entered on the verdict this appeal is prosecuted.

I.

It is first urged by appellant that the lower court erred in permitting plaintiff to introduce in evidence certain photographs of his damaged car. It was shown

that these photographs were made a short time ("a few days or maybe a month after the car was wrecked") and it is not contended that they did not properly represent the condition of the car after the wreck. In fact, nothing of any importance was shown by these pictures that was not brought out by testimony.

Under these circumstances, no error prejudicial to appellant was committed by the lower court in admitting these photographs in evidence.

## II.

Appellant next complains of the action of the lower court in giving three separate instructions at the request of appellee. Principal complaint against these instructions is that they did not in sufficiently definite terms require proof of appellant's negligence as a condition to recovery by appellee. The lower court gave eight different instructions at the request of appellant and in these instructions the court emphasized the fact that no recovery could be had by appellee unless the evidence showed that appellant was guilty of negligence causing or contributing to the collision. The jury were also instructed that any negligence of appellee, however slight, that caused or contributed to the collision would bar recovery by appellee.' The court told the jury that they should consider all the instructions together. When all the instructions are thus considered we cannot say that they incorrectly presented the law, or that the jury could have been misled thereby. *Arkadelphia Lumber Co.* v. *Posey,* 74 Ark. 377, 85 S. W. 1127; *Velvin* v. *State,* 77 Ark. 97, 90 S. W. 851; *Temple Cotton Oil Co.* v. *Skinner,* 176 Ark. 17, 2 S. W. 2d 676; *Frame* v. *Whittam,* 181 Ark. 768, 27 S. W. 2d 990; *Baltimore & O. R. Co.* v. *McGill Bros. Rice Mill,* 185 Ark. 108, 46 S. W. 2d 651.

## III.

It is finally argued by appellant that the lower court erred in failing to instruct the jury to return a verdict in his favor,

The rule is well established that in determining whether a peremptory instruction should have been given by the trial court, the evidence must be given its strongest probative force in favor of the party against whom the peremptory instruction is asked. *Robinson* v. *St. Louis-San Francisco Ry. Co.*, 172 Ark. 494, 289 S. W. 465; *Rexer* v. *Carter*, 208 Ark. 342, 186 S. W. 2d 147.

Viewed in this way, we conclude that the evidence warranted the refusal of the peremptory instruction and that it was sufficient to support the verdict. The testimony showed that appellee was driving his automobile along the highway when appellant attempted to drive his truck onto the highway from a private driveway entering on the north side of the highway. In doing this appellant, with appellee's car approaching from the west in plain view, drove his truck at a right angle with the road, and the front end of the truck was (according to appellant's admission) some distance south of the center of the highway when the collision occurred. The front of appellant's truck struck the left side of appellee's car about the middle thereof. The testimony of appellee and his witnesses tended to show that appellee drove out of the traveled portion of the road in an effort to avoid the collision, which they insisted was caused by appellant, after slowing down as he entered the road, suddenly starting his truck forward and running against the car of appellee. Under this proof the question of determining whose negligence caused the collision was one peculiarly within the province of the jury.

No error appearing, the judgment of the lower court is affirmed.