SPENCE *v.* VAUGHT.

5-2958                                                    367 S. W. 2d 238

Opinion delivered April 29, 1963.

[Rehearing denied May 27, 1963.]

*Barber, Henry, Thurman & McCaskill,* for appellant.

*Mehaffy, Smith, Williams, Friday & Bowen,* by *R. Ben Allen* and *Boyce R. Love,* for appellee.

Jim Johnson, Associate Justice. This case involves the Arkansas guest statutes, Ark. Stats. §§ 75-913 - 75-915. The action was instituted by appellees DeWitt Vaught and Georgia Vaught, his wife, against appellant Lucy Spence for damages resulting from an automobile accident occurring on February 11, 1962. Appellant and appellee Mrs. Vaught had attended Sunday School and church at Houston, Arkansas, although they lived in Perryville. Mrs. Vaught had gone to Houston with her daughter, who left early. Mrs. Vaught asked appellant, who is Mr. Vaught's aunt, for a ride back to Perryville. About two miles out of Houston the automobile veered to the right off the road and into a ditch. The automobile turned over, injuring appellee severely.

Trial of the case before a jury resulted in a verdict in favor of appellees. For reversal of the judgment on the verdict, appellant contends that there is no evidence of wilful and wanton misconduct on the part of the appellant and a verdict for the appelant should have been directed by the trial court.

The Arkansas guest statute referred to above, Ark. Stats. § 75-913, reads as follows:

"No person transported as a guest in any automotive vehicle upon the public highways or in aircraft being flown in the air, or while upon the ground, shall have a

cause of action against the owner or operator of such vehicle, or aircraft, for damage on account of any injury, death or loss occasioned by the operation of such automotive vehicle or aircraft unless such vehicle or aircraft was wilfully and wantonly operated in disregard of the rights of others.''

The operative portion of § 75-915 is as follows:

''No person transported or proposed to be transported by the owner or operator of a motor vehicle as a guest, without payment for such transportation, nor the husband, widow, executors, administrators or next of kin of such person, shall have a cause of action for damages against such owner or operator, or other persons responsible for the operation of such car, for personal injury, including death resulting therefrom, by persons while in, entering, or leaving such motor vehicle, unless such injury shall have been caused by the wilful misconduct of such owner or operator.''

Each personal injury case involving the guest statutes must be examined on its own. As we said in *Harkrider* v. *Cox*, 230 Ark. 155, 321, S. W. 2d 226.

'' [I]t is a question in each case whether the particular facts therein made a jury question as to wilful and wanton negligence.

. . . ''In *McAllister, Administrator* v. *Calhoun*, 212 Ark. 17, 205 S. W. 2d 40, we quoted with approval from *Splawn, Administratrix* v. *Wright*, 198 Ark. 197, 128 S. W. 2d 248: 'Whether an automobile is being operated in such a manner as to amount to wanton and wilful conduct in disregard of the rights of others must be determined by the facts and circumstances of each individual case.' ''

The evidence presented in the case at bar is, naturally, controverted. According to Mrs. Vaught's testimony, the car had begun to make a singing noise, then a grinding noise, and then a swerve lasting over some period of time, with Mrs. Vaught making warnings to appellant to slow down to see what the trouble was, and with appellant

ignoring her warnings. According to appellant, the accident happened very quickly, with there being a sudden swerve and the car veering into the ditch, and at no time were there any warnings from Mrs. Vaught. Appellee Vaught and another witness testified that there was a rim cut on the highway and rubber marks about 3/10ths of a mile or more long leading up to the rim cut. Appellant's husband testified to a gouge or cut in the highway made by a tire rim about 15 to 20 feet from where the car ended up, but would swear to no other marks. Mrs. Vaught testified appellant was driving 50 to 60 miles per hour and did not slow up. Appellant testified that her speed was 45 to 50, that the accident was instantaneous and that she never could find the tire or wheel marks.

Appellant moved for a directed verdict at the close of appellees' testimony, which was overruled. The criterion for trial courts in considering motions for directed verdicts is well-stated in *Smith v. McEachin*, 186 Ark. 1132, 57 S. W. 2d 1043:

"It is a rule of universal application that, where the testimony is undisputed and from it all reasonable minds must draw the same conclusion of fact, it is the duty of the court to declare as a matter of law the conclusion to be reached; but, where there is any substantial evidence to support the verdict, the question must be submitted to the jury. In testing whether or not there is any substantial evidence in a given case, the evidence and all reasonable inferences deducible therefrom should be viewed in the light most favorable to the party against whom the verdict is directed, and if there is any conflict in the evidence, or where the evidence is not in dispute but is in such a state that fair-minded men might draw different conclusions therefrom, it is error to direct a verdict."

Examining the record to determine "the state of the evidence", it is relevant to review the types of negligence and their standards for determination. Negligence is the failure to use ordinary care. *Johnson* v. *Coleman*, 179 Ark. 1087, 20 S. W. 2d 186. Gross negligence is the failure to use even slight care. *Memphis & L. R. R. R.* v. *Sanders,*

43 Ark. 225. Wilful negligence is the same as gross negligence with the added factor that the actor knows, or the situation is so extremely dangerous that he should know, that his act or failure to act will probably cause harm. *Scott* v. *Shairrick*, 225 Ark. 59, 279 S. W. 2d 39.

Applying these standards to the situation as testified to by appellee, it is not illogical to conclude that appellant was negligent when she failed to slow down after the car started humming; she was grossly negligent when she failed to slow down after the car began swerving; and she was wilfully or wantonly negligent in failing to slow down after the grinding noise started, the car swerved more violently, she was twice warned to slow down, and she still continued to drive at the same speed of about fifty miles per hour. Viewing the evidence and all reasonable inferences deducible therefrom in the light most favorable to the party against whom the directed verdict was sought, we find that fair-minded men might draw different conclusions therefrom, and that therefore the trial court did not err in failing to direct a verdict for appellant.

Appellant's remaining point urged for reversal is that the giving of plaintiffs' (appellees') instruction No. 5 constituted prejudicial error.

Plaintiffs' requested instruction No. 5 reads as follows:

"The plaintiffs have alleged that the defendant was negligent in one or more of the following respects:

(2) failing to keep her vehicle under proper control and

(3) in operating the automobile at a speed in excess of that which was reasonable and prudent under the circumstances then existing.

"You are instructed that under the laws of the State of Arkansas it was the duty of the defendant, Lucy Spence, to exercise ordinary care in the operation of her vehicle to avoid injury to others, and that a failure on her part to exercise such care would be evidence of

negligence. Ordinary care requires every person who operates a motor vehicle upon a public highway to keep his or her vehicle under such control as will enable him or her to check its speed, or to stop it absolutely, if necessary to avoid injury where danger is apparent or reasonably to be anticipated by the exercise of ordinary care. Further, it was the duty of the defendant to exercise ordinary care to operate her vehicle at a speed no greater than was reasonable and prudent under the circumstances, and that a failure to do so would be evidence of negligence.

''You are further instructed in that connection that the lawful maximum speed at which the defendant's vehicle might have been operated at the time and place of the accident here involved was that speed which was reasonable and prudent under the circumstances, but not to exceed 60 miles per hour in any event, and should you find that defendant's vehicle was being operated at the time and place of the accident here involved at a speed which was not reasonable and prudent under the circumstances this would be evidence of negligence to be considered along with other circumstances in the case.''

Appellant forceably contends that the giving of this instruction was error because it refers to the duty to exercise ordinary care, and, this being a guest statute case, this instruction could only lead to the confusion of the jury and probably caused the jury to conclude that appellant was under a duty to exercise ordinary care rather than under a duty to avoid being guilty of wilful and wanton misconduct.

A careful review of the record reveals that not only was wilful and wanton negligence or misconduct defined or required in plaintiffs' instructions No. 1, No. 3, No. 9 and No. 11, but also in plaintiffs' instruction No. 6, given immediately after the alleged erroneous instruction. Instruction No. 6 reads as follows:

''Now should you find from a preponderance of the evidence that the defendant, Lucy Spence, was guilty of negligence in one or more of the respects alleged by the

plaintiff, as just related to you, this negligence, without more, would not entitle the plaintiffs to maintain this action, or to recover their damages, if any. As you have previously been instructed, to recover in this action, if at all, plaintiffs must prove by a preponderance of the evidence that the defendant was guilty of wilful and wanton conduct. They must prove not only that the defendant was negligent, but also that she knew, or had reason to believe, that her act of negligence was about to inflict injury, and that she continued in this course of conduct with a conscious indifference to the consequences thereof, exhibiting a wanton disregard of the rights and safety of others.''

When all the instructions are thus considered, we cannot say that they incorrectly presented the law, or that the jury could have been misled thereby. *Pinkerton* v. *Davis*, 212 Ark. 706, 207 S. W. 2d 742.

Affirmed.

HARRIS, C. J., and GEORGE ROSE SMITH, J., dissent.

CARLETON HARRIS, Chief Justice (dissenting). In my opinion, the present decision by the court greatly weakens the effectiveness of the Guest Statutes. Appellee, in arguing for affirmance of this case, makes a statement in her brief with which I entirely agree. After reviewing a number of cases, decided under the Guest Statutes, she states, ''This review also indicates a trend of the Court toward allowing guest cases to go to the jury under more liberal requirements of proof than in the earlier cases decided immediately after passage of the Guest Statutes.'' Certainly, I cannot believe that the verdict for appellee would have been upheld under earlier decisions.

In *Splawn* v. *Wright*, 198 Ark. 197, 128 S. W. 2d 248 (decided in May 1939) the guest was a young lady, riding with another young lady and a young man. The driver was operating the automobile at a speed of approximately 45 miles per hour on a gravel road, and on a foggy, rainy

night. In making a curve, the car began to slide and the guests remonstrated with the driver, telling him that he was driving too fast. Later, when the driver reached down to adjust the heater, he lost control of the car, and the guest was injured. The case was allowed to go to the jury, but this court reversed on the basis that there was not sufficient evidence of wilful and wanton negligence to make a jury question. In *Edwards* v. *Jeffers,* 204 Ark. 400, 162, S. W. 2d 472, decided in June, 1942, the driver and guest were ladies who were close friends. According to testimony, the driver was traveling along a gravel road which had several sharp turns; the car failed to complete one turn, and the driver lost control, the automobile turning over in a ditch. The guest testified that the car was moving at a speed of 70 to 80 miles per hour, and further that she warned the driver several times by saying, ''Irene, you are driving too fast over this road,'' and called to the driver's attention the fact that the gravel was loose and there were curves on the road. According to the witness, the operator of the car never did slow down. Again, the trial court allowed the case to go to the jury, but again this court reversed and dismissed on the basis that the testimony fell short of that degree of wilful and wanton misconduct that would warrant a recovery under the statute.

In *Cooper* v. *Calico,* 214 Ark. 853, 218 S. W. 2d 723, a driver, who had been drinking intoxicants, endeavored to move his car from one place on a parking lot to another. In doing so, he allowed the back end of the automobile to protrude over the paving of Highway No. 71, north of Fayetteville. Admittedly, he did not look up or down the highway before attempting to move, because he had not intended to back onto the highway. An approaching vehicle hit the car and injured a guest, a young high school girl. The young lady recovered judgment in the trial court, but this court reversed the judgment, stating:

''No one could successfully deny that his conduct was careless. Certainly he was negligent in not stopping and looking in each direction before placing his Chevrolet and his passengers in a position of peril. But even gross

negligence, under the Guest Statutes, is not enough. There must be a wilfulness, a wantonness, an indifferent abandonment in respect of consequences, applicable alike to self and guests."

Numerous other cases could be cited to the same effect.

I certainly agree that Mrs. Spence was guilty of ordinary negligence, but I cannot agree that her negligence reached the category of wilful and wanton misconduct. It is obvious from the proof that a tire on the Spence automobile was losing air, which occasioned the "humming" sound that was heard. The majority state:

" * * * it is not illogical to conclude that appellant was negligent when she failed to slow down after the car started humming; she was grossly negligent when she failed to slow down after the car began swerving; and she was wilfully or wantonly negligent in failing to slow down after the grinding noise started, the car swerved more violently, she was twice warned to slow down, and she still continued to drive at the same speed of about 50 miles per hour."

From the evidence, all of the above took place in less than a minute, and, as far as wilful and wanton negligence is concerned, (according to the majority, "when the grinding noise started") this only lasted for a very few seconds! On a clear day and straight highway, Mrs. Spence was driving at a moderate and legal rate of speed. Because of her inability to recognize that the tire was going flat, the accident occurred. I reiterate my belief that she was guilty of ordinary negligence, but I do not consider that these circumstances establish wilful and wanton negligence.

I, therefore, respectfully dissent.

I am authorized to state that Justice George Rose Smith joins in this dissent.