DOLPHE SHEARER, ADMINISTRATOR OF THE ESTATE OF AUDIE SHEARER, DECEASED *v.* RUDOLPH NEWSOM, SPECIAL ADMINISTRATOR OF THE ESTATE OF BESSIE NEWSOM, DECEASED

5-5470                                    463 S. W. 2d 642

Opinion delivered March 1, 1971

*Frierson, Walker, Snellgrove & Laser,* for appellant.

*Barrett, Wheatley, Smith & Deacon,* for appellee.

JOHN A. FOGLEMAN, Justice. This is a wrongful death

action wherein the personal representative of a guest in an automobile sought recovery from the estate of the driver. Both guest and driver died from injuries received in a collision with another vehicle. Judgment was rendered against appellant, as personal representative of the guest, pursuant to jury verdict. The sole question on appeal is whether the circuit court committed reversible error in refusing appellant's requested instruction covering certain common law and statutory rules of the road. We find no error.

The instruction was patterned after AMI 901, in setting out rules governing duties as to lookout, control and speed, omitting the opening clause "In determining whether the driver was negligent" and the closing sentence, "A failure to meet the standard of conduct required by any of these three rules is negligence." The tendered instruction then incorporated the format of AMI 903, quoting Ark. Stat. Ann. § 75-601 (c) 3 (Supp. 1969), Ark. Stat. Ann. § 75-607 (Repl. 1962) and Ark. Stat. Ann. § 75-611 (a) (Repl. 1962) and (b) 1 (Supp. 1969) and pertinent portions of § 75-611 (b) 3 (Supp. 1969). The proposed instruction was concluded, however, by the following sentence: "The statutes and rules of the road may be considered by the jury in determining whether or not the deceased operator was guilty of wilful and wanton misconduct in the operation of her vehicle." This conclusion was apparently substituted for the usual concluding sentence in both AMI 901 and 903. The trial judge gave both AMI 205 and AMI 402 in proper form for a guest-host case.

Appellant relies principally upon *Spence* v. *Vaught*, 236 Ark. 509, 367 S. W. 2d 238. We do not think that our holding in that case required the giving of the instruction requested by appellant. In that case, we said that the giving of an instruction delineating duties of a driver of an automobile with reference to control and speed and declaring failure to observe them to be evidence of negligence, was not an incorrect statement of the law or misleading to the jury, when considered with all the other instructions given. The instruction on rules

of the road there given was followed immediately by this instruction:

> Now should you find from a preponderance of the evidence that the defendant, Lucy Spence, was guilty of negligence in one or more of the respects alleged by the plaintiff, as just related to you, this negligence, without more, would not entitle the plaintiffs to maintain this action, or to recover their damages, if any. As you have previously been instructed, to recover in this action, if at all, plaintiffs must prove by a preponderance of the evidence that the defendant was guilty of wilful and wanton conduct. They must prove not only that the defendant was negligent, but also that she knew, or had reason to believe that her act of negligence was about to inflict injury, and that she continued in this course of conduct with a conscious indifference to the consequences thereof, exhibiting a wanton disregard of the rights and safety of others.

As offered, with the concluding sentence worded as it was, appellant's requested instruction would undoubtedly have led the jury to the patently erroneous belief that violation of the rules of the road set out would be evidence of wilful and wanton misconduct. Since the instruction offered was erroneous and our attention is not directed to any instruction limiting its effect as given in *Spence* v. *Vaught,* we must affirm the judgment.