Kie Hall Executive Director Arkansas Public Employees Retirement System One Capitol Mall Little Rock, AR 72201
Dear Mr. Hall:
This letter is in response to your recent request for an opinion regarding certain safekeeping agreements for securities belonging to the system and stored by a financial institution.
We understand that you have three areas of concern: (1) the system's risk in the event securities are lost or stolen, (2) the financial institution's liability for errors in executing orders to deliver securities, and (3) the system's liability to indemnify the institution as set forth in the agreement.
The agreement states that the institution will give to securities left in its custody "the same care that it gives to its own security, but beyond that will not assume responsibility." Furthermore, agreement states the institution's insurance covering theft, etc. first pays the institution's losses and then the excess, if any, will apply to customers' losses on a pro rata basis. Therefore, the agreement imposes some risk of loss on the system for which the system must carry its own insurance to prevent a loss.
The agreement also provides that the institution will deliver any securities or the proceeds thereof to the system or pursuant to the system's directions, either written, oral, by telephone or otherwise which the institution believes to be genuine. The agreement further states the institution shall have no liability for "executing, failing to execute or for any mistake in the execution of any such order, except for gross negligence or willful misconduct." Accordingly, the institution is not liable for its own simple negligence which is the failure to use ordinary care. Spence v. Vaught, 236 Ark. 509, 367 S.W.2d 238 (1963). Liability attaches to the institution only if it is grossly negligent, that it is careless or reckless to a degree which shows utter indifference to the consequences or it should know its conduct will probably result in injury. Robinson Insurance and Real Estate, Inc. v. Southwestern Bell Telephone Co.,366 F. Supp. 307 (W.D.Ark. 1973). Therefore, the system has exposure to losses resulting from the institution's simple negligence in executing or failing to execute the system's orders to deliver securities or proceeds.
Finally, the agreement contains provisions by which the system agrees to indemnify the institution. Indemnification includes any and all liability, loss, claim, damage or expense resulting from the institution's execution, as the system's attorney in fact, of ownership or other documents concerning coupons, registered interest dividends or other income on securities. The agreement further provides that the system will indemnify the institution for all liability, loss, cost, damage and expenses of the institution from its defense of its rights or interest when the institution has notice of adverse or conflicting claims to securities of the system. The agreement further covers the institution's decision to refuse to deliver securities subject to said adverse claims.
Therefore, pursuant to the terms of the safekeeping agreement, the system would be liable to the institution for the latter's losses, expenses, etc. resulting from the conduct as set forth in the relevant portions of the agreement.
The foregoing opinion which I hereby approved [approve] was prepared by Deputy Attorney General Thomas S. Gay.